■ THE PEOPLE OF THE STATE OF NEW YORK, v TERCERO STAFFORD, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered May 27, 1976, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The key witnesses against defendant were Henry and Green-field. The former, who had actually attacked the victim of the robbery and whose gun had discharged, firing the fatal bullet, stated that while defend-ant had been in his company throughout much of that day, and had been behind the wheel of the "get-away" car parked a block or so away, defend-ant had not known about the robbery and was not an accomplice to it. (Henry had already pleaded guilty to murder in the second degree with regard to this incident.) Greenfield, who also had been in the company of Henry throughout much of the same time period, stated that defendant was a knowing participant in the robbery. (Greenfield was granted total immu-nity in this case in return for his testimony against defendant and others involved in the crime.) The trial court instructed the jury that both Green-field and Henry were accomplices as a matter of law (and later as a matter of fact). Defense counsel excepted to this charge, on the ground that it was tantamount to an instruction to the jury to disregard a chief defense contention, viz., that Greenfield's testimony was a fabrication created to convince the District Attorney that it was worthwhile to grant him immu-nity in exchange for his testimony against the others. Defendant contended that Greenfield was no more an accomplice than he had been. Defendant is correct on this point, and the error of the learned trial court on this matter may well have dealt a heavy blow to defendant's case. Only where it is uncontroverted that a witness was an accomplice to a crime may the jury be

instructed, as a matter of law, that the witness is an accomplice (see *People v Basch,* 36 NY2d 154, 157). Here Henry's testimony supports the contention of defendant that Greenfield knew no more about the robbery than defendant claims he himself knew. This is also supported by the absence of any facts in the record truly damning of Greenfield as a knowing participant. Although defendant was behind the wheel of the "get-away" car parked some distance from the scene of the crime, Greenfield had also not been at the actual scene of the robbery, but had stayed in the car with defendant, and was busy in a nearby store buying potato chips and cigarettes for himself and defendant while Henry and two other men were robbing and killing the victim. Whether Greenfield was an accomplice was a question of fact which should have been left to the jury. The instruction of the court on the role of Greenfield as an accomplice as a matter of law may well have been deemed by the jury as an endorsement by the trial court of the truth of the testimony by Greenfield, which was so important to the People's case against defendant. Also, the court instructed the jury on the sufficiency of the corroboration required by statute (CPL 60.22) for the conviction of a defendant on the testimony of an accomplice as follows: "if you find or believe that on the night in question this defendant was with Henry and was with Lee and Perdue, that would be if you find that's been established, that would be sufficient to corroborate the testimony of the accomplices." This too, was error, which might well have prejudiced defendant's case. The trial court, in effect, told the jurors that they had *sufficient* corroboratory testimony if they believed that defendant had been in the company of Henry and others on the evening of the robbery. It was for the jury to decide whether this was enough corroboration to convince it to convict defendant on the testimony of alleged accomplices (see *People v Fiore,* 12 NY2d 188, 201–202). Defendant raises other issues on appeal which need not be discussed here. We hold that there is a significant probability that the jury would have acquitted the defendant had it not been for the errors discussed above, and that justice requires a new trial (see *People v Crimmins,* 36 NY2d 230, 242). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.