THIRD DEPARTMENT, JULY, 1985

(July 3, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN LAWSON, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered April 16, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant was convicted of the robbery of the Glider Cash and Carry Store in the City of Elmira, which occurred July 27, 1979 at 9:20 P.M. At that time, according to the duty clerk, a person wearing a black mask and poncho and carrying a rifle entered the store and took $680 from the cash register. Defendant and two others, Stephen Spahalski* and Ronald Jones, were indicted for the crime. At defendant's trial, Jones testified for the prosecution and stated that defendant was the driver of the getaway car. Two other witnesses, Elaine Tenny and Susan Loomis, placed defendant in the company of Jones and Spahalski just before the commission of the crime and with Jones afterwards. Defendant's thumbprint was found on the driver's side vent window of the car that was used. Defendant also testified and admitted being with Jones and Spahalski before the crime and with Jones later, but disavowed any knowledge of the commission of the crime, claiming that he had gone to a bar to await Jones' return so they could go to a county fair. Defendant further admitted that he had driven the getaway car on other occasions, but denied driving it at the time of the robbery. Defendant was convicted of robbery in the first degree as charged and was sentenced to an indeterminate prison term of 12 1/2 to 25 years, the maximum sentence for a class B felony.

On this appeal, defendant initially contends that he was deprived of a speedy trial (CPL 30.30). Defendant was indicted on March 27, 1980. His motion addressed to the denial of a speedy trial was made March 20, 1981 and denied by County Court. Under CPL 30.30, such motion must be granted when the prosecutor is not ready for trial within six months of a criminal action in which the defendant is accused of a felony (CPL 30.30 [1] [a]). When a defendant demonstrates that the statutory time limit has been exceeded, the burden is on the People to show that the time in excess of six months is excludable under CPL 30.30 (*People v Berkowitz*, 50 NY2d 333,

---

* Spahalski was tried separately and acquitted of the charge. Defendant testified at that trial.

349) or that the People were ready within six months of the commencement of the proceeding (*People v Thill,* 75 AD2d 709, *revd on other grounds* 52 NY2d 1020, *cert denied* 454 US 829). To show the prosecution's readiness, there must be a contemporaneous communication in court on the record that the People were ready (*People v Brothers,* 50 NY2d 413).

In this case, the prosecution stated at a pretrial hearing on May 2, 1980: "As soon as you (the court) decide the motion on the Grand Jury minutes [and] I provide a bill of particulars the case will be ready for trial." The bill of particulars was delivered to defendant on May 7, 1980. However, County Court did not decide the motion addressed to the sufficiency of the Grand Jury minutes until January 7, 1981. On January 8, 1981, the People filed a statement of readiness. Since the Grand Jury minutes were apparently delivered to County Court on May 2, 1980, the period from that date until the court's decision on January 7, 1981 is not attributable to the People (CPL 30.30 [4] [a]; *People v Gates,* 70 AD2d 734), and the prosecution would be timely even if the January 8, 1981 date is accepted as the date of readiness. We believe, however, that the statement of May 2, 1980, quoted above, was a sufficient communication of readiness conditioned, as it was, only on the service of a bill of particulars (served May 7, 1980) and County Court's decision on the motion addressed to the Grand Jury minutes (apparently submitted to the court May 2, 1980).

Defendant also contends that the delay, or at least some of it, occasioned by the transcription of the testimony of prosecution witnesses in the prior trial of Spahalski, should be attributable to the People. Since this transcript of testimony was prepared by the County Court reporter over whom the prosecution had no control, and considering that the demand therefor was made by defendant, we decline to attribute such delay to the People. Defendant's trial was, therefore, timely under CPL 30.30. Nor was defendant's constitutional right to a speedy trial violated (*see,* CPL 30.20). A consideration of the five factors set forth in *People v Watts* (57 NY2d 299) and *People v Taranovich* (37 NY2d 442) leads to this conclusion, for the delay was not occasioned by the prosecution and defendant's incarceration at Elmira Correctional Facility on an unrelated charge prevents a showing of prejudice arising from the delay.

Defendant also contends that, by testifying at Spahalski's trial, he received transactional immunity. This claim is without merit since it is apparent that he was given transactional

immunity with regard to an August 1979 robbery of a gas station and not the conduct which was the subject of this indictment.

We now turn to the issue of witness corroboration. We hold that while we find no impropriety in the prosecution's questioning of a police officer to establish the reliability of Jones' testimony, it is, nevertheless, our view that the testimony of Jones, who was indicted for the same crime, as well as the testimony of Tenny and Loomis, nonaccomplice witnesses, created a factual pattern that required incisive instruction in County Court's charge to enable the jury to conclude that the testimony of accomplice Jones was sufficiently corroborated. The court's charge was inadequate for that purpose (see, *People v Fiore,* 12 NY2d 188, 201-202).

Whether the testimony of an accomplice is sufficiently corroborated is a question of fact for the jury (*People v Goldfeld,* 60 AD2d 1, 5). The purpose of such corroboration is not to prove that the defendant committed the crime, but only to connect the defendant with its commission (see, *People v Smith,* 55 NY2d 945, 946; *People v Glasper,* 52 NY2d 970, 971). Such evidence must be truly independent of the accomplice testimony and may not rely upon such testimony to invest it with weight and probative value (*People v Hudson,* 51 NY2d 233, 238). Here, much of the purported corroboration evidence, in the form of testimony by Tenny and Loomis, merely supported the credibility of Jones, who had testified that defendant had driven the car used in the robbery, but did not tend to connect defendant with the crime.

Next, the testimony of Tenny and Loomis was suspect as corroborative proof, particularly with respect to the time of the commission of the robbery and the time that the two witnesses saw defendant with Jones after the robbery, since both Tenny and Loomis were impermissibly allowed to refresh their recollection by use of prior testimony. After reading her prior testimony and in response to a question as to where she had picked up defendant and Jones on the night of the robbery, Tenny testified that "according to this [prior testimony] I picked them up at their house. In my own mind I don't remember." Witness Loomis made similar statements during her trial testimony that "according to her prior testimony" she and Tenny had picked up Jones and defendant at 10:30 P.M.

Based on this testimony, County Court charged: "The testimony of a non-accomplice * * * that the defendant was in the presence of an accomplice * * * is corroboration of the accom-

plice's testimony * * *. If you find that these witnesses established to your satisfaction that the defendant was in the presence of accomplice Ronald Jones * * * you may consider that in the question of corroboration of accomplice's testimony." Such an instruction was improper since it implies that, if a jury believes the witnesses' testimony as to defendant's presence with Jones before and after the robbery, it is sufficient evidence of corroboration. Such a charge denied the jury the opportunity to decide the factual issue of corroboration (*People v Goldfeld, supra*). Accordingly, County Court's instruction effectively deprived the jury of its fact-finding powers (*People v Stafford*, 57 AD2d 965, 966, citing *People v Fiore, supra*). Despite the fact that defendant did not object to the charge and thereby preserve the error for review, we choose to address this issue as an exercise of discretion in the interest of justice (CPL 470.15 [6] [a]) and conclude that County Court's instruction was error despite the belated curative instruction given at the end of the court's charge.

It is also our view that County Court erred in its instruction to the jury on defendant's alibi defense. The court charged that "[t]he assertion of a false explanation or false alibi * * * is conduct showing consciousness of guilt". Before a jury may be instructed that a defendant's assertion of a false alibi may imply a consciousness of guilt, there must be some evidence of the falsity of the statement independent of that offered to directly prove guilt (*People v Wright*, 86 AD2d 968; *People v Abdul-Malik*, 61 AD2d 657, 661). Such a charge without any independent proof of fabrication impermissibly shifts the burden of proof to defendant (*see, People v Leasure*, 34 AD2d 688). Here, the only evidence tending to show a false alibi is that of Jones, which is not independent of the evidence offered to directly prove defendant's guilt. Again, as with the erroneous instruction on nonaccomplice testimony corroborating Jones' testimony, defendant did not object to the charge. Because we believe the charge errors, taken together, effectively denied defendant a fair trial, we would also exercise our right to consider this issue in the interest of justice (CPL 470.15 [6] [a]).

Since defendant admitted being with Jones both before and after the commission of the crime, but disavowed any knowledge of the commission of the crime, claiming he had gone to a bar to await Jones' return so they could go to a county fair, the issue of time, i.e., where defendant was when the robbery took place, is critical. Since each error particularized above, standing alone, was directly related to defendant's physical

whereabouts when the crime was committed, and, cumulatively, made him a participant in the robbery, we was deprived of a fair trial. The impermissibly received corroborative evidence of Tenny and Loomis failed to connect defendant with the commission of the crime and, when this error is juxtaposed to the alibi charge error, the effect was to deny the right of the jury to consider defendant's defense that he was not with Jones at the time of the crime.

Since a new trial will be necessary, it is advisable to discuss defendant's contention regarding County Court's ruling on his *Sandoval* motion. The court ruled that the People could cross-examine defendant regarding a prior robbery for which he and Jones were convicted. While we agree that this conviction bears on defendant's credibility, since the crime is so similar to the charge for which defendant was being tried, including the fact that on both occasions Jones was an accomplice, the People should be limited to producing evidence of the crime itself and not the underlying details (*see, People v Van Skiver,* 111 AD2d 1032 [Mahoney, P. J., concurring]; *cf. People v Sterling,* 95 AD2d 927).

As a final point, the County Court properly ruled that should Spahalski be called by defendant as a witness, he could not be questioned about his acquittal of the instant charge. Only if the prosecution were to impermissibly cross-examine Spahalski about the acts underlying the instant crime would his acquittal of the instant charge be relevant.

Since we hold that the charge errors require reversal of the judgment of conviction, we do not reach the other issues raised by defendant.

Judgment reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Chemung County for a new trial. Mahoney, P. J., Mikoll and Harvey, JJ., concur; Casey and Levine, JJ., dissent and vote to affirm in the following memorandum by Casey, J.

Casey, J. (dissenting). We do not agree with the majority's conclusion that reversal is required in the interest of justice and as a matter of this court's discretion. While County Court's charge could have been more precise on the issues of corroboration and false alibi, defendant failed to object, thereby precluding County Court from clarifying any confusion that may have resulted. Based upon a reading of the charge as a whole and considering the entire record, it is our view that this is not a case which warrants the exercise of our discretionary power to reverse in the interest of justice (*see,*

*People v Coleman,* 98 AD2d 942). Accordingly, we would affirm the judgment of conviction.