■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CASTAGNARO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered June 21, 1985, convicting him of larceny in the second degree (nine counts), and issuing a bad check (seven counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's contentions, the record discloses

that defense counsel failed to register a proper and timely objection apprising the trial court of the issue now raised on appeal with respect to the court's charging the jury that prosecution witness Lawrence Iorizzo was an accomplice as a matter of law. Although now, on appeal, the defendant contends that defense counsel requested that the court modify its accomplice charge so as to instruct the jury that Iorizzo's status as an accomplice was for it to determine, as a factual question, the record supports no such assertion. Counsel never requested that Iorizzo's status as an accomplice be charged as a factual question for the jury to determine, nor did he offer a substantive legal argument apprising the court that the objection was premised upon the absence of evidence establishing Iorizzo's status as an accomplice. Thus, defense counsel failed to register a proper and timely objection to the court's charge with respect to Iorizzo and, therefore, no issue of law with respect thereto has been preserved for our review (CPL 470.05 [2]; *People v Santiago,* 108 AD2d 939; *see, People v Nuccie,* 57 NY2d 818; *People v Liccione,* 50 NY2d 850). Moreover, this case is distinguishable from *People v Stafford,* (57 AD2d 965). In *Stafford,* where a timely objection was registered, the court's error in charging that a prosecution witness was an accomplice "as a matter of law" was compounded by a further instruction which deprived the jury of its fact-finding function in assessing the existence and sufficiency of corroborative evidence supporting that prosecution witness's testimony.

We find, furthermore, that there was a sufficient quantity and quality of evidence supporting the jury's verdict. Viewing the evidence in a light most favorable to the People and giving it the benefit of every reasonable inference to be drawn therefrom, as we must on appeal, we conclude that the defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620, 621; *People v Bigelow,* 106 AD2d 448, 449). We decline to disturb the court's sentence and find that, under the circumstances, the court's decision to sentence the defendant to consecutive terms of imprisonment on counts three and nine of the indictment was not improper.

We have reviewed the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.