■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HUESTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered August 19, 1987, convicting him of attempted grand larceny in the third degree and attempted insurance fraud in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court properly denied his motion to dismiss the indictment, made on the ground that he had been deprived of his right to a speedy trial. The record reveals that after the defendant's speedy trial motion was fully submitted, the court asked that the People provide transcripts of the prior proceedings in the matter. In response to the court's request, the People immediately ordered the minutes of the prior proceedings. Although delays subsequently ensued in the ultimate production of the minutes, the Supreme Court properly declined to charge these delays to the People (see, CPL 30.30 [4] [a]). Since the People ordered the minutes upon the court's request and because, as the defendant himself recognizes, the Supreme Court reporters are not within the control of the People, the Trial Judge properly excluded the delay and determined that the People had acted diligently and reasonably in attempting to comply

with its request for the minutes (see, People v Lawson, 112 AD2d 457, 458; cf., People v Collado, 125 AD2d 584, 585). The defendant's remaining contentions are without merit (see, People v Missirian, 154 AD2d 625; People v Erts, 141 AD2d 665; People v Seabrook, 126 AD2d 583; People v Brown, 113 AD2d 812, 813; People v Gaggi, 104 AD2d 422). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.