■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH SUTTON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN TANCHAK, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS SCHILLINGER, Respondent. [606 NYS2d 408] —Yesawich Jr., J. Appeals (1) from an order of the County Court of Albany County (Turner, Jr., J.), entered June 23, 1992, which partially granted defendant Kenneth Sutton's motion to dismiss the indictment against him, (2) from an order of said court, entered July 20, 1992, which granted defendant Kenneth Sutton's motion to dismiss the remaining count of the indictment against him, and (3) from an order of said court, entered June 23, 1992, which granted defendant Thomas Schillinger's motion and dismissed the indictments against him and defendant John Tanchak.

Defendant Kenneth Sutton, a retired City of Albany Police Detective, was indicted for official misconduct (Penal Law § 195.00 [1]) and harassment (Penal Law § 240.25 [1]) after an incident in which he allegedly punched and yelled racial epithets at a handcuffed and arrested person. As a result of the same incident, defendants John Tanchak and Thomas Schillinger, also City of Albany Police Officers, were charged with knowingly failing to report Sutton's alleged misconduct, as required by Penal Law § 195.00 (2).

Schillinger and Sutton moved to dismiss the official misconduct charges on the ground that the Special Prosecutor erred by instructing the Grand Jury in accordance with Penal Law § 195.00 (1) as it stood in May 1989, at the time of the arrest, rather than as amended by the Laws of 1990 (ch 906). County Court agreed, and in two orders entered June 23, 1992 dismissed both the official misconduct count against Sutton and the allied counts against Tanchak and Schillinger.

Sutton then moved to dismiss the only remaining charge, the harassment count, on the ground that he was not afforded a speedy trial. County Court found, in this regard, that the People had not communicated their readiness for trial within the 90-day period mandated by CPL 30.30 (1) (b), and further that they were chargeable with a lengthy period of postreadiness delay resulting from the Grand Jury stenographer's failure to produce a transcript of the Grand Jury minutes. Accordingly, in a third order, entered July 20, 1992, County Court dismissed the remainder of the indictment against Sutton. The People appeal from the three orders entered.

Initially, we note that the 1990 amendment to the official misconduct statute should not have been applied retroactively and that County Court erred in dismissing the official misconduct counts on that basis. Although, in the absence of any evidence to the contrary, the general rule is to permit retroactive application of remedial or ameliorative amendments (see, People v Behlog, 74 NY2d 237, 240), and the legislative history regarding the amendment at issue arguably demonstrates a remedial intent (see, Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 195.00, at 115), the explicit postponement of its effective date until November 1, 1990, three months after passage, constitutes some evidence that the amendment was intended to be prospectively applied (see, Matter of Mulligan v Murphy, 14 NY2d 223, 226). This legislative expression is sufficient to overcome any presumption of retroactivity. Moreover, it is far from clear that this particular change is even entitled to such a presumption, because it essentially decriminalized behavior which had been proscribed by the former statute (see, People v Oliver, 1 NY2d 152, 161, n 3). The orders of June 23, 1992 must therefore be reversed and the official misconduct charges reinstated against all three defendants.

Turning to the speedy trial issue, we find no merit in Sutton's assertion that the People did not properly communicate their readiness for trial within the 90 days prescribed by the statute. As observed in People v Kendzia (64 NY2d 331, 337), the statutory mandate may be satisfied by "written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record". Here, it is undisputed that Sutton was notified of the prosecutor's readiness by a written communication on or about July 10, 1991, 23 days after his indictment and arraignment. Rather than filing the notice of readiness with the County Court Clerk, however, the Special Prosecutor sent

it to County Court's chambers, which is where, he avers, he had earlier been advised by the County Court Clerk that the case file was being maintained, apparently in accordance with the Trial Judge's practice.

Although it does not constitute technically perfect compliance with the *Kendzia* requirement of filing with the "appropriate court clerk" *(supra,* at 337), this communication of readiness directly with County Court unquestionably satisfied the objectives underlying that requirement, namely, informing the court that the People are ready to proceed and "objectively establish[ing]" the date on which readiness occurred *(People v Smith,* 82 NY2d 676, 678). Where, as here, defendants have suffered absolutely no prejudice as a result, no salutary purpose is served by allowing this minor technical discrepancy to thwart the public's compelling interest in having those charged with committing crimes prosecuted *(see, United States v Pierro,* 478 F2d 386, 389).

In a related argument, defendants maintain that the People should be charged with a period of postreadiness delay occasioned by the failure of an independent stenographer to transcribe the Grand Jury minutes in a timely manner. It appears from the record that on July 31, 1991, Sutton made a written application to inspect the Grand Jury minutes, which had been directly ordered by the court on July 24, 1991. The reporter delivered the minutes, consisting of 879 pages, to County Court's chambers on December 26, 1991.

Delay in providing Grand Jury minutes may properly be charged to the People if it can be shown that their action or inaction actually caused the delay, and therefore that "they have not done all that is required of them to bring the case to the point where it may be tried" *(People v McKenna,* 76 NY2d 59, 64). The People's obligation is only to produce the Grand Jury minutes "within a reasonable time" *(People v Harris,* 82 NY2d 409, 414), however, and whether a given period is reasonable will necessarily depend on the District Attorney's —here, the Special Prosecutor's —ability to exert control over the stenographer *(see, People v Hueston,* 171 AD2d 812, 812-813; *People v Lawson,* 112 AD2d 457, *lv denied* 66 NY2d 764). Because the record at hand does not provide an adequate basis upon which to determine whether, in view of all the attendant circumstances, the delay here was unreasonable, we must remit this matter so that County Court may hold a hearing on this issue *(see, People v Pivoda,* 186 AD2d 875, 876).

Mikoll, J. P., Crew III, White and Mahoney, JJ., concur.

Ordered that the orders entered June 23, 1992 are reversed, on the law, and all charges dismissed therein are reinstated.

Ordered that the decision is withheld on appeal from order entered July 20, 1992, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.