■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH SUTTON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN TANCHAK, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS SCHILLINGER, Respondent. [619 NYS2d 209] —Yesawich Jr., J. Appeals (1) from an order of the County Court of Albany County (Turner, Jr., J.), entered June 23, 1992, which partially granted defendant Kenneth Sutton's motion to dismiss the indictment against him, (2) from an order of said court, entered July 20, 1992, which granted defendant Kenneth Sutton's motion to dismiss the remaining count of the indictment against him, and (3) from an order of said court, entered June 23, 1992, which granted defendant Thomas Schillinger's motion and dismissed the indictments against him and defendant John Tanchak.

On remittal from this Court *(see,* 199 AD2d 878), County Court, following a hearing, concluded that the postreadiness delay occasioned by an independent stenographer's failure to produce a transcript of the Grand Jury minutes for almost five months is chargeable to the People. County Court's findings are amply supported by the evidence presented at the hearing, which establishes that the special prosecutor was able to exert at least some control over the stenographer, whom he had appointed pursuant to Judiciary Law § 321, and that the delay in producing the minutes was unreasonable, due in part to the prosecutor's failure to use diligent efforts to hasten the process.

There being conflicting testimony as to the efforts made by the special prosecutor to expedite production of the transcript, it was within the discretion of County Court to credit the testimony of the stenographer, who stated that the special prosecutor did not pressure him, or even ask him, to produce the minutes with any haste. The special prosecutor testified that had the case been scheduled for trial, he would have been able to compel the stenographer to produce the minutes in about a week, and hence he could have complied with his *Rosario* obligation. On this record, it cannot be said that the

special prosecutor's efforts rose to the level of doing "all that is required * * * to bring the case to the point where it may be tried" *(People v McKenna,* 76 NY2d 59, 64).

Moreover, the circumstances here are unlike those presented in *People v Hueston* (171 AD2d 812) and *People v Lawson* (112 AD2d 457, 458, *lv denied* 66 NY2d 764), upon which the People rely, for there the stenographer was a court employee, not subject to the direction of the prosecutor charged with providing the minutes.

As we noted previously, the People are chargeable with 23 days of prereadiness delay in this misdemeanor case (199 AD2d 878, 879, *supra).* The stenographer testified that he was on vacation for five weeks, and was occupied with a prior professional commitment for two weeks, and it was also established that the actual transcription of the Grand Jury minutes should have required, at the most, three weeks. Thus, even allowing for the extra time required by the stenographer to attend to his prior commitments—a factor which should have been considered by the special prosecutor before the appointment was made—a reasonable time for providing the minutes would be no more than 10 weeks, or 70 days, from the time they were requested. Hence, of the time taken to produce the transcript, at least 72 days[1] are chargeable to the People *(see, People v Harris,* 187 AD2d 1015, 1016, *affd* 82 NY2d 409). Coupled with the 23 days of prereadiness delay, the chargeable time exceeds the 90 days permitted by CPL 30.30 (1) (b). All three indictments[2] must therefore be dismissed on speedy trial grounds.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed.

---

1. While the original record indicated that the minutes were provided "on or about December 26", the stenographer testified at the hearing that, to the best of his knowledge, they were delivered on December 20, 1991. The former would result in a total time lapse of 148 days, the latter 142 days. In either circumstance, the People exceeded the time permitted.

2. The parties have agreed that in view of this Court's reinstatement of the indictments against defendants John Tanchak and Thomas Schillinger (199 AD2d 878, 881, *supra),* the speedy trial motion under consideration is to be deemed to have been made by all three defendants.