OPINION OF THE COURT
Sheldon Greenberg, J.
The defendant seeks dismissal of the within indictment, *299 claiming that the People failed to announce and maintain their readiness for trial as required by CPL 30.30 (1) (a). The defendant’s motion to dismiss the indictment was filed with the court on October 22, 1996. The People answered the motion, ex parte, on November 12,1996. Justice Brill, now retired, in a decision dated November 26, 1996, denied the defendant’s motion for dismissal while unaware that the prosecution had never served the defense with their answer. While the People eventually served the answer on defense counsel, it was at a time when the defendant could not respond to questions of fact raised by the People in their answer. The defendant’s motion to reopen and reargue his motion to dismiss is granted to the extent that the court will now consider the defendant’s response to the People’s answer, as well as the People’s further opposition.
The sole issue on the reargument is the 15-day period from October 18, 1995 to November 2, 1995. On October 18, 1995, the People filed a statement of readiness with the court and served a copy on the Legal Aid Society. The People concede that in September of 1995, they were given actual notice that the defendant’s current counsel had been substituted for the Legal Aid Society. Nevertheless, the People contend that they complied with the requirements of announcing ready (see, People v Kendzia, 64 NY2d 331) despite their failure to notify the defendant’s new counsel. They argue that substantial compliance with the formalities of announcing readiness as set forth in People v Kendzia (supra) is sufficient, considering that good faith in attempting to notify counsel excuses their office failure, and that there was no actual prejudice suffered by the defendant.
As observed in People v Kendzia (supra, at 337), the statutory mandate of communicating readiness for trial may be satisfied by "written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record”. The instant case is distinguishable from People v Sutton (199 AD2d 878). In Sutton the Court held that the People complied with Kendzia by notifying the defendant in writing, and filing a notice of readiness with the County Judge’s chambers instead of the County Court Clerk. Here, the People chose to perfunctorily deliver their notice to an attorney whose representation of the defendant they knew had terminated more than two weeks before.
Prosecutors are held to strict compliance with respect to legally mandated notices. In People v Jordan (153 AD2d 263, lv *300 denied 75 NY2d 967), at arraignment, on April 18th, the Legal Aid Society served the prosecution with notice that the defendant intended to testify before the Grand Jury (see, CPL 190.50 [5] [a]). On April 23rd, the prosecutor notified the Society that the date for the defendant to testify would be May 12. They sent the notice to the office of Legal Aid as inscribed on the defendant’s demand to testify. On May 5th, seven days prior to the scheduled Grand Jury appearance, new defense counsel appeared and filed a notice of appearance. Although the prosecutor conceded that he was aware of the substitution of counsel on May 5, the new attorney was never notified of the scheduled date, and the defendant did not appear before the Grand Jury. The Appellate Division affirmed the trial court’s order dismissing the indictment, citing the People’s failure to adequately notify the defendant of when he could be heard by the Grand Jury (see, CPL 190.50 [5] [b]). The court held that it was the prosecutor, not substituted counsel, who is charged with providing adequate notice to the defendant.
The People’s arguments in opposition to an order dismissing the indictment are without merit. The Court of Appeals stated in Kendzia (supra) that service on defense counsel is necessary when the People file a statement of readiness with the court. While prejudice to the defendant is relevant in a motion to dismiss for the People’s failure to comply with CPL 30.20 (see, People v Taranovich, 37 NY2d 442, 445), lack of prejudice is irrelevant when deciding whether the People complied with CPL 30.30. The People’s good faith in attempting to serve former defense counsel could possibly be persuasive if they had mere constructive notice of substituted counsel, but not where there is actual notice.
The People’s communication of readiness by filing a statement with the court and mailing a copy to counsel who the People knew had withdrawn from the case, amounts to an ex parte communication. That ex parte communication, albeit in good faith, has no affect, and fails to satisfy the requirements of Kendzia (supra).
Since neither party has asked that Justice Brill’s decision, which is the law of the case, be amended other than to address the 15-day period now in controversy, the court now finds that 15 days of delay must be added to the 175 days of delay calculated by Justice Brill. Thus, 190 days are chargeable to the People, which exceeds the 6-month limit of 184 days within which the People had to announce their readiness for trial.
*301 Accordingly, the defendant’s motion for an order dismissing the indictment is granted.