■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE BURWELL, Also Known as TERRENCE BURWELL, Appellant. [689 NYS2d 165] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered May 11, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The court erred in denying the defendant's motion pursuant to CPL 30.30 to dismiss the indictment against him on the ground that he had been deprived of his statutory right to a speedy trial. The People announced that they were ready for trial on May 24, 1994, 166 days after the filing of the accusatory instrument. On July 8, 1994, the defendant filed an omnibus motion, seeking, *inter alia,* in camera inspection of the Grand Jury minutes pursuant to CPL 210.30. The prosecutor, who consented to the in camera inspection, did not turn over these Grand Jury minutes until September 22, 1994, or 76 days later. When these 76 days of postreadiness delay are added to the original 166 days that preceded the People's announcement of readiness, the defendant contends that more than six months of delay are attributable to the People, with the result that the indictment must be dismissed pursuant to CPL 30.30 (*see, e.g., People v Harris,* 82 NY2d 409; *People v*

*McKenna,* 76 NY2d 59; *People v Rodriguez,* 214 AD2d 1010). We agree.

The People's only witness at the CPL 30.30 hearing was Grand Jury Stenographer Norma Gaztambede, an employee of the Westchester County District Attorney's Office. Ms. Gaztambede testified to an unusual backlog of work at around the time that a prosecutor requisitioned the instant Grand Jury minutes on July 12, 1994, because of the stenographers' vacation schedules, compounded by an unusual number of large and pressing other Grand Jury proceedings requiring their attention. We note that although Ms. Gaztambede, according to her own testimony, worked exclusively for the Westchester County District Attorney's Office (*see, e.g., People v Sutton,* 199 AD2d 878, 880, *affd after remittal* 209 AD2d 878; *cf., People v Hueston,* 171 AD2d 812; *People v Lawson,* 112 AD2d 457), she did not indicate that the prosecutor made any effort to expedite the production of the instant transcript, nor how long the typing of these minutes would actually have taken (*see, e.g., People v Sutton,* 209 AD2d 878, *supra*; *see also, People v Pivoda,* 186 AD2d 875). The stenographer conceded that the prosecutor's original deadline of two weeks was "a reasonable period of time". However, even if such a "reasonable" interval were subtracted from the 2½-month postreadiness delay at issue here (*see, e.g., People v Sutton,* 209 AD2d 878, *supra*; *People v Harris, supra*), the People would still not have been ready for trial within the requisite six months. On this record, therefore, it cannot be concluded that the prosecutor's efforts rose to the level of doing "all that is required * * * to bring the case to the point where it may be tried" (*People v McKenna, supra,* at 64; *People v Sutton,* 209 AD2d 878, *supra*). Accordingly, the judgment of conviction must be reversed and the indictment dismissed. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.