■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v IAN P. MUIR, Respondent. [823 NYS2d 236]—

Spain, J. Appeals (1) from an order of the County Court of Broome County (Smith, J.), entered September 24, 2003, which, inter alia, granted defendant's motion to dismiss count two of the indictment, and (2) from an order of said court, entered December 22, 2005, which granted defendant's motion to dismiss the indictment.

In April 2003, defendant was charged in a four-count indictment with crimes arising out of a November 2002 alcohol related personal injury automobile accident. In September 2003,

upon motion by defendant, County Court dismissed count two of the indictment, charging vehicular assault in the second degree, on the ground that it was duplicitous. The People requested an adjournment of the trial and appealed the order dismissing count two (hereinafter appeal No. 1).

Two years passed without the People perfecting appeal No. 1, prompting County Court to dismiss the indictment in its entirety on speedy trial grounds. The People appealed that order as well (hereinafter appeal No. 2). In March 2006, this Court withheld resolution of appeal No. 1 pending the perfection and review of appeal No. 2 (27 AD3d 1018 [2006]). Both matters now are consolidated before us.

Turning first to appeal No. 2, we hold that the indictment was properly dismissed. While it is undisputed that the People declared their readiness for trial on April 29, 2003—well within the six-month period mandated by CPL 30.30—"[p]roperly announcing readiness within six months does not foreclose further analysis under CPL 30.30 since 'postreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial' " (*People v Rouse*, 4 AD3d 553, 556 [2004], *lv denied* 2 NY3d 805 [2004], quoting *People v Carter*, 91 NY2d 795, 799 [1998]). Following County Court's dismissal of count two of the indictment on September 24, 2003, the People requested an adjournment of the trial then scheduled to begin October 20, 2003 pending the outcome of appeal No. 1. Although the People now argue that the requested adjournment did not impact their readiness for trial, that contention is belied by the record. The People sought the adjournment—understandably—because to proceed to trial on the remaining three counts could have precluded them on double jeopardy grounds from prosecuting defendant on count two, should they succeed on appeal. Indeed, no question exists that the People were justified in requesting the adjournment; CPL 30.30 (4) (a) specifically excludes "a reasonable period of delay" for taking an appeal from the time chargeable to the People.

Here, however, as County Court properly found, the delay was patently unreasonable. The People failed to perfect the appeal within the time limits imposed by this Court's rules or to request an extension (*see* 22 NYCRR 800.14 [b], [c]). The appeal involved a single narrow issue of law; it did not involve a hearing or any testimony. The record does not reflect any reason—and none has been offered—why the appeal would take two years to perfect. Accordingly, the indictment was properly dismissed as the postreadiness delay chargeable to the People

far exceeded the statutory speedy trial requirement (see CPL 30.30 [1] [a]; *People v Mitchell*, 276 AD2d 822, 823 [2000], *lv denied* 96 NY2d 803 [2001]; *People v Thomas*, 210 AD2d 736, 737-738 [1994]; *People v Sutton*, 209 AD2d 878, 879 [1994]).

Our conclusion that the indictment as a whole was properly dismissed mandates the dismissal of appeal No. 1 as academic, inasmuch as the rationale that led us to the conclusion that the defendant was deprived of a speedy trial applies equally to all counts of the indictment.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order entered December 22, 2005 is affirmed. Ordered that the appeal from the order entered September 24, 2003 is dismissed, as academic.