People v Sanchez (2024 NY Slip Op 50059(U))

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}
.auto-style1 {
text-align: center;
}

[*1]

People v Sanchez

2024 NY Slip Op 50059(U)

Decided on January 22, 2024

Supreme Court, Kings County

Quiñones, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on January 22, 2024
Supreme Court, Kings County

People of the State of New York

againstY. Sanchez, G. Rivera, Defendants.
Index No. XXXXX

For Defendant Y. Sanchez: 
Brooklyn Defender ServicesBy: Sophia Rivero, Esq. 
177 Livingston Street, 7th FloorBrooklyn, NY 11201For Defendant G. Rivera:Lazzaro Law Firm, P.C.By: James Kirshner, Esq.360 Court Street, Suite 3Brooklyn, NY 11231 
For the People: 
Kings County District Attorney's OfficeBy: Bianca Kushner, Esq., Assistant District Attorney

Joanne D. Quiñones, J.

The defendants, Y. Sanchez (defendant Sanchez) and G. Rivera (defendant Rivera) (collectively, the defendants), are charged in the instant indictment with Criminal Possession of a Controlled Substance in the Third Degree and other related charges in connection with an incident alleged to have occurred on February 6, 2023. The defendants each move to dismiss the indictment pursuant to Criminal Procedure Law (CPL) sections 210.20(1)(g) and 30.30. Specifically, the defendants argue that the People failed to demonstrate diligent efforts to timely produce the grand jury minutes rendering the People's Certificate of Compliance (COC) filed on July 7, 2023 invalid and the accompanying Statement of Readiness (SOR) illusory (see defendant Sanchez Memorandum of Law [def Sanchez Memo] at 17; defendant Rivera Affirmation [def Rivera Aff] ¶32). The People oppose the motions and submit that the COC was [*2]filed in good faith (see People's Memorandum of Law [FN1]
[Peo Memo] at 10).DISCUSSIONWhere a defendant is charged with a felony, a motion to dismiss must be granted if the People are not ready for trial within six months of the commencement of the criminal action (CPL § 30.30[1][a]). "Whether the People have satisfied this obligation is determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any post-readiness periods of delay that are actually attributable to the People and are ineligible for exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]). The defense has the initial burden of showing through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute. Once the defense has made that showing, the People bear the burden of demonstrating sufficient excludable time to withstand a motion to dismiss (see People v Santos, 68 NY2d 859, 861 [1986]; People v Berkowitz, 50 NY2d 333, 349 [1980]).
"A criminal action is commenced by the filing of an accusatory instrument against a defendant in criminal court" (CPL § 1.20[17]; see also CPL § 100.05; People v Lomax, 50 NY2d 351, 356 [1980]). Here, the defendants were arraigned on a felony complaint in Kings County Criminal Court on February 7, 2023. The defendants were subsequently indicted under the first indictment. By decision dated May 23, 2023, the first indictment was dismissed. The case was ultimately re-presented and the defendants were indicted under the instant indictment.
Where, as here, an indictment has been dismissed and is superseded by a subsequent indictment, the time specified by statute relates back to the original accusatory instrument (see People v Sinistaj, 67 NY2d 236, 239 [1986]; People v Lomax, 50 NY2d 351, 356 [1980]). As such, this case commenced with the filing of the initial accusatory instrument, the felony complaint, on February 7, 2023. Therefore, the People had six months, or in this case 181 days, in which to announce their readiness for trial.
Based on a review of the official court file and the submissions of the parties, the court finds as follows:
February 7, 2023 — February 8, 2023 (1 day chargeable)On February 7, 2023, the defendants were arraigned on the felony complaint and the matter was adjourned to February 8, 2023, for evaluation in the STEP part. The People concede that this one-day adjournment is chargeable.
 
February 8, 2023 — April 10, 2023 (61 days chargeable)On February 8, 2023, the People did not make a treatment offer as to either defendant and the matter was adjourned to April 20, 2023, for grand jury action.
On March 9, 2023, the People filed the first indictment with the court and the matter was advanced to April 10, 2023, for Supreme Court arraignment. As conceded by the People, this period is chargeable.
April 10, 2023 — June 22, 2023 (30 days chargeable)On April 10, 2023, the defendants were arraigned in Supreme Court. The defendants each moved for inspection of the grand jury minutes and requested search warrant materials. The matter was adjourned to June 22, 2023, for discovery and the court's decision on the sufficiency of the grand jury minutes.
On May 23, 2023, another Justice of this court issued a written decision on the sufficiency of the grand jury minutes, wherein the court dismissed the indictment against the defendants with leave to re-present.
The People re-presented the case to a new grand jury and filed the instant indictment on June 21, 2023.
The period between April 10, 2023 and May 23, 2023 is excludable as time during which a pre-trial motion is under consideration by the court (see CPL § 30.30[4][a]; see also People v Lopez, 49 AD3d 899 [2d Dept 2008] [court properly excluded from the time chargeable to the People the period in which the court was reviewing the grand jury minutes]).
However, once the court dismissed the indictment, the People were without a valid indictment upon which to proceed (see Cortes, 80 NY2d at 211-212 [absence of a valid indictment directly impaired People's ability to proceed to trial]). Thus, as conceded by the People, the 29 day-period from May 23, 2023, the date the original indictment was dismissed, to June 21, 2023, the date the People filed the second indictment, is chargeable (see People v Fatal, 2002 NY Slip Op 40031[U], *2 [Sup Ct, Kings County 2002] [generally, periods of delay between dismissal of the original indictment and the filing of a second indictment are charged to the People]).
As conceded by the People, they are also chargeable with the remaining one-day of this adjournment, as the People had not yet filed a COC and communicated their readiness for trial on the second indictment.
June 22, 2023 — July 11, 2023 (19 days chargeable)On June 22, 2023, a record was made that the initial indictment was dismissed with leave to re-present (see 6/22/23 tr at 2). The People advised the court that the matter had been re-presented and that a new indictment was filed on June 21, 2023 (see id. at 3). Neither the People nor the defense were able to inform the court of the arraignment date for the new indictment, so no adjourn date was set, and the defendants were advised that their attorneys would notify them of the arraignment date (see id. at 3-4).
On July 7, 2023, the People filed a COC and an inventory of discovery, together with an SOR. The case was advanced to July 11, 2023, for Supreme Court arraignment.
The defendants argue that the People's COC is invalid and the SOR illusory because the People failed to provide a copy of the grand jury minutes prior to filing their COC and SOR. They contend that this entire period is therefore chargeable to the People.
The People concede that the period from June 22 to July 7, 2023 is chargeable, but argue that the remaining period is excludable as the People's act in filing a COC and SOR "stopped" the speedy trial clock (see Peo Aff ¶7).
The filing of a "proper" certificate of compliance is a prerequisite to the People being deemed ready for trial (CPL § 245.50[3]; see People v Lobato, 66 Misc 3d 1230[A], *4 [Crim Ct, Kings County 2020]; People v Berkowitz, 68 Misc 3d 1222[A] [Crim Ct, Kings County 2020]). Thus, a statement of readiness (SOR) "must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of" CPL section 245.20 (CPL § 30.30[5]).
CPL section 245.20(1) requires the People to disclose to the defendant "all items and information that relate to the subject matter of the case," that are within or under the People's "possession, custody, or control including but not limited to," the items listed in CPL section 245.20(1). The People are required to "make a diligent, good faith effort to ascertain the existence of material or information discoverable" (CPL § 245.20[2]). Once the People have complied with the mandates of CPL section 245.20, the People are required to serve and file a COC (CPL § 245.50). The COC shall identify the items provided, and state that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL § 245.50[1]).
While belated disclosures do not necessarily invalidate a COC, post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise due diligence before the initial COC is filed in the first instance (see People v Bay, — NE3d —, 2023 NY Slip Op 06407, 6 [2023]; see also People v Gonzalez, 68 Misc 3d 1213[A] [Sup Ct, Kings County 2020]; People v Erby, 68 Misc 3d 625 [Sup Ct, Bronx County 2020]; People v Lanfair, 78 Misc 3d 371, 373 [Crim Ct, Albany County 2023]). Where, as here, a speedy trial motion is based on the People's alleged failure to exercise due diligence and therefore improperly filing a COC, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 2023 NY Slip Op 06407, 7). Due diligence is determined by, among other relevant factors,
the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery(id. at *6). 
As relevant here, CPL section 245.20(1)(b) requires the prosecution to disclose "[a]ll transcripts of the testimony of a person who has testified before a grand jury." In their affirmation, the People concede that the grand jury minutes were not turned over until October 30, 2023 (see Peo Aff ¶11). In their accompanying memorandum of law, however, the People assert that "the only minutes that were not produced to the defense were the charging minutes, which is not discoverable as this is not Rosario material" (Peo Memo at 9). The People then cite to their COC and inventory which indicates that grand jury minutes were shared via one drive on April 24, 2023 (see Peo Exh 2). Notably, the sharing of the grand jury minutes reflected in the inventory annexed as People's Exhibit 2 pre-dates both the dismissal of the initial indictment and the presentation of the instant indictment. As such, it appears that the grand jury minutes referenced in People's Exhibit 2 pertain to those associated with the initial indictment. Thus, contrary to that asserted by the People in their Memo, no portion of the grand jury minutes for the instant indictment was turned over prior to the filing of the COC on July 7, 2023.
As reflected by the court file, the People did not provide the grand jury minutes for the instant indictment until October 30, 2023, 115 days after they filed their COC and 111 days after the defendants' request for inspection. Nevertheless, the People maintain that their initial COC was filed in good faith and that the defendants' argument that the failure to provide grand jury minutes renders the COC and SOR invalid is "meritless" (Peo Memo at 8-10). The People [*3]further contend that "acceptance of defendant[s]' claim would yield the absurd result that an accusatory instrument could be dismissed pursuant to CPL § 30.30 merely because, before making a statement of readiness, the People failed to disclose a document that was not discoverable and of no consequence" (Peo Memo at 9).
The People's argument in this regard is contrary to the record and their statutory obligations. New York's "automatic discovery" statute explicitly mandates the disclosure of grand jury minutes (see CPL § 245.20[1][b]; see also People v Scales, 80 Misc 3d 335, 340 [Sup Ct, Queens County 2023] ["transcripts of witness testimony before the Grand Jury are automatically discoverable and People are required to disclose such materials to the defense in order to satisfy its obligations under CPL § 245.20[1]"). Further, the Court of Appeals made clear that "[t]he legislature tethered the People's CPL article 245 discovery obligations to CPL [section] 30.30's speedy trial requirements" (Bay, 2023 NY Slip Op 06407, *2). Thus, where due diligence is not proven, "the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.).
In assessing the validity of the COC and SOR, the court must assess the due diligence, if any, on the part of the People to obtain the grand jury minutes prior to filing the COC. The People assert that they requested the grand jury minutes on June 27, 2023, July 11, 2023, July 17, 2023, July 24, 2023, September 11, 2023, and September 20, 2023 (see Peo Aff ¶11; Peo Memo at 8). By their own concession, the People only made one request prior to filing their COC and SOR on July 7, 2023. To the extent that all six of the People's purported requests for minutes are relevant to the court's assessment, the mere statement that requests were made, without more, is insufficient to establish due diligence (see People ex rel. Fast v Molina, 219 AD3d 1384, 1385-1386 [2d Dept 2023] ["People failed to demonstrate that the timing of the production of the minutes was beyond their control, or that they engaged in diligent efforts to produce the outstanding discovery by their trial readiness deadline"]; People v Burwell, 260 AD2d 498, 499 [2d Dept 1999] [due diligence not established where record did not indicate that prosecutor made any effort to expedite the production of the grand jury minutes]). Here, the People have not detailed any affirmative action taken to expedite the minutes. For example, the People do not even assert that the instant indictment was placed on their office's "priority list system of cases," which was created in an effort to improve the backlog in the production of grand jury minutes and to prioritize those cases where grand jury minutes remained outstanding (cf. People v Cannon, Sup Ct, Kings County, Oct. 6, 2023, Quiñones, J., Indictment No. 70052-23). As such, the record before this court falls short of demonstrating the required due diligence exercised by the People to comply with their discovery obligations (see People v Gonzalezyunga, 71 Misc 3d 1210(A), *6 [Dist Ct, Nassau County 2021] [speedy trial granted where People's conclusory statement did "not provide a scintilla of information concerning the 'vigorous activity' they undertook in this case to obtain and provide discoverable material"]).
"In addition to exercising due diligence to ensure that COCs are not later deemed improper, the People can request additional time for discovery upon a showing of good cause (see CPL § 245.70[2]), seek 'an individualized finding of special circumstances' to be deemed ready despite the failure to file a 'proper certificate' (see CPL § 245.50[3]), or try to exclude from the speedy trial calculus 'periods of delay occasioned by exceptional circumstances' (see CPL § 30.30[4][g])" (Bay, 2023 NY Slip Op 06407, *8). Here, the People neither requested additional time with a showing of good cause, nor put forth any facts to support an individualized finding [*4]of special circumstances. Rather, the People contend that the delay in the production of the grand jury minutes should be excluded as an exceptional circumstance (see Peo Memo at 7-8). Notably, the People's submission is void of any explanation for the delay. They do not assert, for example, that the delay was due to a grand jury reporter shortage, to a grand jury minute backlog, or because the grand jury minutes in this case were particularly voluminous or complex. They merely assert, in conclusory fashion, that their delay in providing the grand jury minutes was "a clear exceptional circumstance" (id. at 8).
Notwithstanding, the court notes that the grand jury minutes submitted herein, which were reviewed by the undersigned, were not particularly voluminous or complex (see def Sanchez Exh B). Furthermore, courts have consistently held that court reporter shortage or backlog, standing alone, do not constitute exceptional circumstances (see e.g. People ex rel. Fast v Molina, 219 AD3d at 1386 [Trial court erred in determining that circumstances surrounding People's delay in producing grand jury minutes — a backlog on the part of a court reporter — constituted an exceptional circumstance]; People v Warren, 85 AD2d 747, 748 [2d Dept 1981] [delay due to workload and shortage of personnel do not constitute exceptional circumstances]).
For a period to be qualified as an exceptional circumstance, "the People need to do more than just mouth the words . . . 'exceptional circumstance' " (Gonzalezyunga, 71 Misc 3d 1210(A), *5).They must demonstrate that they have "exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period" (CPL § 30.30 [4][g] [emphasis added]). Here, the People neither proffered a reason for the delay nor demonstrated that they exercised due diligence or engaged in any effort to expedite production of the grand jury minutes. Accordingly, they have failed to establish that the delay in the production of the grand jury minutes qualifies as an exceptional circumstance.
In assessing the validity of the People's COC, the court has also considered the People's supplemental COC, which was filed with the court and served on the defendants, together with a copy of the grand jury minutes, on October 30, 2023. As provided in CPL section 245.50(1-a), "[a]ny supplemental COC shall detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the COC" (emphasis added).The People's supplemental COC merely provides:
the People filed their original Certificate of Compliance in good faith, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, pursuant to CPL § 245.50(1). Despite these good faith, diligent efforts, the People were not able to turn over the following discovery previously[:]1. GRAND JURY MINUTES
This conclusory language contained in the People's supplemental COC fails to even indicate, let alone detail, the basis for their delayed disclosure. 

Because the People have failed to show the requisite good faith and due diligence in securing production of the grand jury minutes, the court finds that the COC filed on July 7, 2023 is not valid. A valid COC is a prerequisite to a valid SOR (see CPL § 30.30[5]). In the absence of a valid COC, the People's SOR, filed contemporaneously with the COC on July 7, 2023, is deemed illusory and did not serve to toll the speedy trial clock. The People are therefore charged with the 19-day period from June 22 to July 11, 2023.
[*5]July 11, 2023 — August 10, 2023 (0 days chargeable)On July 11, 2023, the defendants were arraigned in Supreme Court and moved for an inspection of the grand jury minutes (see 7/11/23 tr at 5). The defendants also requested a motion schedule for a motion to controvert the search warrant (see id.). The matter was adjourned to August 10, 2023, for grand jury minutes and for the defendants' motions to controvert (see id. at 5-6).
On July 28, 2023, defendant Sanchez filed her motion to controvert the search warrant. On August 9, 2023, defendant Sanchez' motion was denied in a written decision issued by another Justice of this court.
This period is excludable as an adjournment for motion practice (see CPL § 30.30 [4][a]).
August 10, 2023 — September 21, 2023 (36 days chargeable)On August 10, 2023, defendant Rivera filed his motion to controvert the search warrant. The People did not, however, provide the grand jury minutes "on or before [August 10]" as directed by another Justice of this court (see 7/11/23 tr at 5). The matter was adjourned to September 12, and subsequently, administratively adjourned to September 21, 2023.
On August 15, 2023, the People filed their response to defendant Rivera's motion to controvert. That same day, the court issued a written decision denying defendant Rivera's motion.
On September 20, 2023, defendant Sanchez filed a motion for severance.
Defendant Sanchez submits that because the "People had not provided the Court with grand jury minutes, nor had they filed a valid COC, [they] should be charged with the time following the Court's August 15th decision on []defendant Rivera's motion up until [defendant] Sanchez filed her severance motion on September 20, 2023" (def Sanchez Memo at 12-13). Defendant Rivera similarly argues that the People should be charged with this 36-day period (see def Rivera Aff ¶21).
The People likewise assert that the five-day period between August 10 and August 15, 2023, and the one-day period between September 20 and September 21, 2023, are excludable, pursuant to CPL section 30.30(4)(a), as a period of delay resulting from pre-trial motions (see Peo Aff ¶¶9-10). They further submit that the remainder of the adjournment is excludable as a reasonable period to provide grand jury minutes. In fact, the People maintain that "[t]he 111 days from July 11, 2023, when Defense Counsel requested Grand Jury minute inspection to October 30, 2023, when Grand Jury minutes were produced to the Court are excludable as a reasonable period for the People to provide the Grand jury minutes to the Court" (see Peo Memo at 7).
To be sure, some delay in producing the grand jury minutes for inspection may be tolerated, and therefore excludable (see e.g. People v Harris, 82 NY2d 409, 414 [1993] [affirming 36 days out of 64-day delay as a reasonable period within which People should have produced grand jury minutes]; People v Dearstyne, 230 AD2d 953, 955-956 [3d Dept 1996] [trial court properly excluded 50 of the 54 days People took to produce grand jury minutes upon proof that "stenographer's heavy workload resulted in a backlog"]; People v Van Deusen, 228 AD2d 987, 988-989 [3d Dept 1996] [47 days was reasonable period in which to produce grand jury minutes]). However, where the People's inaction or laxity results in a delay in the court's ability to dispose of a motion to inspect the grand jury minutes, the delay is chargeable (see People v McKenna, 76 NY2d 59, 64 [1990] [entirety of 5-month delay chargeable to the People because of their "dilatory conduct in failing to provide the minutes necessary to [the court's] [*6]decision" on a CPL 210.30 motion]; Burwell, 260 AD2d at 499 [where prosecutor's efforts did not rise to the level of doing all that is required to bring case to point where it may be tried, People charged with 76-day delay in production of the grand jury transcript]; People v Brown, 207 AD2d 556, 557 [2d Dept 1994] [prosecution chargeable with 104-days resulting from the delay caused by their inability to submit a certified copy of the grand jury minutes to the court for inspection]). A specific finding of the People's negligence in providing the minutes is not required; it is sufficient that the People's inaction resulted in a delay in the court rendering a decision (People v Harris, 82 NY2d at 412).
In this case, the People were given a reasonable period — from July 11 to August 10, 2023 — to produce the grand jury minutes; yet the People failed to provide the minutes until October 30, 2023 (see People v Edwards, 215 AD2d 498, 499 [2d Dept 1995] [35 days was reasonable period in which to produce grand jury minutes]). This failure occurred despite the court's specific directive to the People that they "submit [the] Grand Jury minutes on or before [August 10]" (see 7/11/23 tr at 5-6). The People's inaction in producing the grand jury minutes necessary for the court's resolution of the defendants' motions to inspect "was a direct, and virtually insurmountable, impediment to the trial's very commencement" (McKenna, 76 NY2d at 64; see also People v England, 84 NY2d 1, 4 [1994] [People cannot be "presently ready for trial . . . where they fail to provide Grand Jury minutes necessary for resolution of defendant's motion to dismiss"]).
Accordingly, the period from August 15, 2023, the date following the court's decision on defendant Rivera's motion to controvert, to September 20, 2023, the date defendant Sanchez filed a motion for severance, is chargeable to the People. The remaining six days of this 42-day adjournment are excludable as delay resulting from motion practice (CPL § 30.30[4][a]).
September 21, 2023 — October 31, 2023 (39 days chargeable)On September 21, 2023, the People again failed to provide the court with the grand jury minutes necessary for the court's decision on the defendants' motions to inspect. On this same date, Defendant Sanchez withdrew her motion for severance (see 9/21/23 tr at 4).
The court noted that the grand jury minutes were outstanding "since as far back as — defense requested an inspection of the grand jury minutes in July" (9/21/23 tr at 2-3). The People explained that they requested the grand jury minutes "one other time or actually the last two weeks were on September 11th and then as well on September 20th [but] still have not received [them]" (id. at 2). The People requested one month for the production of the grand jury minutes and the matter was adjourned to October 31, 2023, for the grand jury minutes (id. at 7-8).
On October 30, 2023, the People filed with the court and served on the defendants a copy of the grand jury minutes together with a supplemental COC.
The time that elapsed between September 21 and October 30, 2023, is chargeable to the People as a delay resulting from their failure to provide the grand jury minutes within a reasonable period (see Harris, 82 NY2d at 414; McKenna, 76 NY2d at 64; Burwell, 260 AD2d at 499; Brown, 207 AD2d at 557).
October 31, 2023 — January 9, 2023 (13 days chargeable)On October 31, 2023, the defendants requested a speedy trial motion schedule (see 10/31/23 tr at 2-3). The court set the following motion schedule: defendants' motions to be filed by November 17, 2023, and the People's response due by December 1, 2023 (id. at 3).
On November 17, 2023, defendant Rivera timely filed his speedy trial motion. [*7]Defendant Sanchez filed her motion one day late on November 18, 2023. The People filed their response on December 15, 2023.
Generally, an adjournment for motion practice is excludable (see CPL § 30.30[4][a]). However, where the People fail to comply with a court-ordered deadline, the period in excess of the deadline is chargeable to the People (see People ex rel Ferro v Brann, 197 AD3d 787, 788 [2d Dept 2021] [notwithstanding substitution of assigned district attorney, People are chargeable with the time between the court-imposed deadline to respond to the omnibus motion and the date on which the People actually filed a response]; People v Delosanto, 307 AD2d 298, 299 [2d Dept 2003] [court should have charged the People with a 13-day period from the court-imposed deadline for People's response to the date the People actually filed a response]; People v Gonzalez, 266 AD2d 562, 563 [2d Dept 1999] [20-day period from the date the People were originally scheduled to respond to the defendant's omnibus motion to the date upon which they actually did respond is properly charged to the People "since it constitutes a period of unreasonable delay in excess of the appropriate deadline to respond which was previously set by the court"]; People v Commack, 194 AD2d 619, 620 [2d Dept 1993] [last 10 days of 23-day period during which prosecution was preparing its response to motion to dismiss should be charged to the People because the People did not respond to the motion until 10 days after the court-ordered deadline]).
Here, the People submitted their response on December 15, 2023, which was 14 days after the court-imposed deadline. However, because defendant Sanchez' motion was filed one day late, the People are only charged with 13 days for filing their response beyond the court-imposed deadline.
January 9, 2023 — (0 days chargeable)On January 9, 2023, the defendants' speedy trial motions were before the court and the matter was adjourned to March 5, 2024, for the court's decision. The period during which a speedy trial motion is "under consideration by the court" is excludable (CPL §30.30[4][a]; see People v Shannon, 143 AD2d 572 [1st Dept 1988] [time while speedy trial motion is under consideration by the court is excludable]).

CONCLUSION
In total, the People are charged with 199 days which exceeds the statutory time limit provided by CPL section 30.30(1)(a). Accordingly, the defendants' motions to dismiss the indictment on speedy trial grounds are granted.
This constitutes the Decision and Order of the court.
Dated: January 22, 2024Brooklyn, NYHon. Joanne D. Quiñones, J.S.C.
Footnotes

Footnote 1: The People's Affirmation in Opposition to Motion to Dismiss is accompanied by a second document which, although also labeled an "Affirmation in Opposition to Motion to Dismiss," appears to be a Memorandum of Law. Accordingly, the court will refer to it as a Memorandum of Law.