■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COMMACK, Appellant. [599 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered November 4, 1991, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's speedy trial motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court,

Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We agree with the defendant that the Supreme Court should have granted his motion to dismiss the indictment on speedy trial grounds (see, CPL 30.30). As the People concede, the 41-day period between the filing of the indictment and the defendant's arraignment on the indictment is chargeable to the prosecution and should not have been excluded by the court (see, People v Correa, 77 NY2d 930, 931). The court charged the People with a 23-day period during which the prosecution was preparing its response to the motion to dismiss pursuant to CPL 30.30. Even if the first 13 of these days are excludable (see, People v Anderson, 66 NY2d 529, 536-538; People v Evans, 99 AD2d 535; cf., People v McKenna, 76 NY2d 59, 62-66), the last 10 days of that 23 day period should be charged to the People because the People did not respond to the motion until 10 days after the court-ordered deadline. Nor did they even appear on the deadline date to request a further adjournment of the motion. Further, they waited 17 days to order the minutes of several court appearances in the face of a motion to dismiss under CPL 30.30. The adjusted total period of delay that is attributable to the People is 186 days— 5 days beyond the 181-day limitation applicable in this case (see, People v McKenna, 76 NY2d 59, 63-64, supra; CPL 30.30 [1] [a]). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.