=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 127
The People &c.,
             Respondent,
        v.
Steven Henderson,
             Appellant.



             Leila Hull, for appellant.
             Ann Bordley, for respondent.




DiFIORE, Chief Judge:

        After a jury trial, defendant was convicted of rape in

the first degree and criminal sexual act in the first degree (two

counts).  Prior to trial, defendant filed a CPL 30.30 motion to

dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.  The trial court, as relevant here, excluded the periods of delay for the DNA testing process as exceptional circumstances under CPL 30.30 (4) (g) and denied defendant's speedy trial motion without a hearing.  Defendant claims on direct appeal that he was denied effective assistance of counsel because his trial counsel's motion to dismiss the indictment on CPL 30.30 grounds failed to argue that the People should be charged for certain periods of delay due to the testing of the DNA evidence by the Office of Chief Medical Examiner (OCME) in successive stages.  The record does not support defendant's contention.

Defendant was charged with acting in concert with multiple accomplices in a sexual assault.  As the People explained at defendant's arraignment on the indictment on January 7, 2009, OCME had generated one full male DNA profile from the sexual assault evidence collection kit and extra alleles were found on the semen samples from the victim's jeans.  Defendant then consented to provide his DNA exemplar.  On June 24, 2009, the People stated that OCME had not yet finished its final report but reported that it was "a no-match."  The case was adjourned to August 13, 2009 for a final conference, and on that date, the People reported that OCME did not have its final report and had not reported the results of the DNA analysis.  After inquiry from the court, the People explained that after receiving the testing

results from the semen sample, additional testing had been performed on the fingernail screens.

As we have previously stated, "[v]ery rarely, a single lapse by otherwise competent counsel compels the conclusion that a defendant was deprived of his constitutional right to effective legal representation" (People v Turner, 5 NY3d 476, 478 [2005]). In People v Brunner (16 NY3d 820 [2011]), a case where defense counsel failed to file a CPL 30.30 motion entirely, we held that defendant's ineffective assistance of counsel claim failed as there was "nothing clear cut about his CPL 30.30 claim" and "the governing law was unfavorable" (16 NY3d at 821).

Here, defendant argues that he was denied effective assistance of counsel because his trial counsel failed to argue that the June 24, 2009 and August 13, 2009 adjournments, totaling 86 days, were chargeable to the People due to their alleged failure to act with due diligence in securing DNA testing (see CPL 30.30 [4] [g]).  Defendant's claim that the People did not exercise due diligence is based on the supposition that the People did not seek testing of the fingernail screens as part of, or at the same time as, the sexual assault evidence collection kit and instead permitted OCME to do sequential testing of the evidence after defendant had been excluded from the semen sample. In essence, defendant contends that had defense counsel argued that those delays were chargeable to the People under CPL 30.30, the indictment would have been dismissed.

On this record, defense counsel was not ineffective for failing to raise the argument that the People were not acting with due diligence, as there is nothing in the record to demonstrate that the People were not diligent in requesting DNA testing on the evidence or that the manner in which the DNA testing was conducted by OCME was inconsistent with standard laboratory protocols.  In addition, at the time of defendant's CPL 30.30 motion, there already was Appellate Division authority holding that the period of time needed to obtain the results of DNA testing could be excluded from speedy trial computation as an exceptional circumstance (see e.g. People v Robinson, 47 AD3d 847 [2d Dept 2008], lv denied 10 NY3d 869 [2008]).

In sum, defendant's assumptions as to the protocols for successive DNA testing are based on matters outside the record and beyond review on this appeal.  The ineffective assistance of counsel claim that defendant presents to this Court is of the type where "it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10" (People v Brown, 45 NY2d 852, 854 [1978]).

Accordingly, the order of the Appellate Division should be affirmed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed.  Opinion by Chief Judge DiFiore.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided October 25, 2016