People ex rel. Ferro v Brann (2021 NY Slip Op 04897)





People ex rel. Ferro v Brann


2021 NY Slip Op 04897


Decided on August 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2021-05850

[*1]The People of the State of New York, ex rel. Shane Ferro, on behalf of Maximo Burdier, petitioner, 
v
Cynthia Brann, etc., respondent. Queens Defenders, Forest Hills, NY (Shane Ferro pro se of counsel), for petitioner.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Hannah X. Scotti of counsel), for respondent.



DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Maximo Burdier upon his own recognizance pursuant to CPL 30.30(2)(a) or, in the alternative, for bail reduction, upon Queens County Indictment No. 1361/2020.
ADJUDGED that the writ is sustained, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to set reasonable bail or to release Maximo Burdier on his own recognizance, and to fix such other terms and conditions upon the release of Maximo Burdier as may seem to it to be just and proper.
A defendant making a motion pursuant to CPL 30.30 to dismiss an indictment has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute (see People v Santos, 68 NY2d 859). Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay (see id.; People v Berkowitz, 50 NY2d 333, 348-349). The burden is on the People "to ensure, in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged" with any delay (People v Cortes, 80 NY2d 201, 215-216).
The current statutory framework of CPL 245.10 "abolishes the prior mechanism for obtaining discovery through serving a demand upon the People and instead requires the People provide the discovery listed in CPL 245.20 'automatically' within the deadlines established" therein (People v Mashiyach, 70 Misc 3d 456, 461). "As discovery demands are now defunct, the exclusion provided for in [CPL 245.10] subdivision (4)(a) is no longer applicable to the period of time when the defendant is waiting for discovery to be provided by" the People (id. at 462).
Here, contrary to the People's contention, their filing of the certificate of compliance pursuant to CPL 30.30(5) could not be deemed complete until all of the material and information identified in the certificate as subject to discovery and electronically shared with the defendant was actually produced to the defendant, pursuant to CPL 245.50(1) and (3) (see People v Aquino, 72 Misc 3d 518, 523). Moreover, in this case, the substitution of a different assistant district attorney did not [*2]constitute an exceptional circumstance that would render excludable for speedy trial purposes the time period between the date to which the Supreme Court adjourned the matter for the filing of the People's response to the defendant's omnibus motion, and the date upon which the People ultimately filed their response (see People v Headley, 100 AD3d 775, 776; People v Warren, 85 AD2d 747, 748). Thus, the People are chargeable with the time between the court-imposed deadline to respond to the omnibus motion and the date on which the People actually filed a response (see People v Delosanto, 307 AD2d 298, 299). Accordingly, since more than 90 days of delay in bringing Maximo Burdier to trial on Queens County Indictment No. 1361/2020 are chargeable to the People, CPL 30.30(2)(a) requires that he be released on bail which he is capable of meeting, or upon his own recognizance (see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120; People ex rel. Campbell v Brann, 193 AD3d 669).
AUSTIN, J.P., CHRISTOPHER, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court