People ex rel. Nieves v Molina (2022 NY Slip Op 04778)

People v Molina

2022 NY Slip Op 04778

Decided on July 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-05186

[*1]The People of the State of New York, ex rel. Jose L. Nieves, on behalf of Christian Jones, petitioner,
v
Louis Molina, etc., respondent. Jose L. Nieves, Bayside, NY, petitioner pro se.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Joseph M. DiPietro of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Christian Jones upon his own recognizance pursuant to CPL 30.30(2)(a) or, in the alternative, for bail reduction, upon Queens County Indictment No. 881/2021.
ADJUDGED that the writ is sustained, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to set reasonable bail or to release Christian Jones on his own recognizance, and to fix such other terms and conditions upon the release of Christian Jones as may seem to it to be just and proper.
When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute (see People v Santos, 68 NY2d 859). Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay (see id.; People v Berkowitz, 50 NY2d 333, 348-349). The burden is on the People "to ensure, in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged" with any delay (People v Cortes, 80 NY2d 201, 215-216).
Here, contrary to the respondent's contention, the petitioner adequately raised before the Supreme Court the issue of whether the People should be charged with their delay in responding to the defendant's omnibus motion. Moreover, because the People did not seek and receive an extension of time to respond to the omnibus motion, or provide any explanation for the delayed response, they are "chargeable with the time between the court-imposed deadline to respond to the omnibus motion and the date on which the People actually filed a response" (People ex rel. Ferro v Brann, 197 AD3d 787, 788; see People v McKenna, 76 NY2d 59, 64; People v Delosanto, 307 AD2d 298, 299; People v Gonzalez, 266 AD2d 562, 563; People v Daley, 265 AD2d 566; People v Commack, 194 AD2d 619, 620). Here, the 13 days chargeable to the People due to their unexplained delay in responding to the omnibus motion, when coupled with the 86 days between the date of arraignment and the date upon which the People filed their certificate of compliance pursuant to CPL 245.50, totals more than 90 days (see id. § 30.30[2][a]). Accordingly, since more than 90 days of delay in bringing the defendant to trial on Queens County Indictment No. 881/2021 are [*2]chargeable to the People, CPL 30.30(2)(a) requires that he be released on bail which he is capable of meeting, or upon his own recognizance, and upon such other conditions as may seem just and reasonable (see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120; People ex rel. Ferro v Brann, 197 AD3d at 788; People ex rel. Campbell v Brann, 193 AD3d 669).
BARROS, J.P., CHAMBERS, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court