People ex rel. Hereth v Franchi (2023 NY Slip Op 01642)

People ex rel. Hereth v Franchi

2023 NY Slip Op 01642

Decided on March 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2023-02686

[*1]The People of the State of New York, ex rel. Matthew J. Hereth, on behalf of Shanti Felton, petitioner,
v
Michael Franchi, etc., respondent.

Laurette D. Mulry, Riverhead, NY (Matthew J. Hereth pro se of counsel), for petitioner.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Shanti Felton upon his own recognizance pursuant to CPL 30.30(2)(a) or, in the alternative, to promptly conduct a hearing pursuant to CPL 30.30(8), upon Suffolk County Indictment No. 73320/2022.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that the matter is remitted to the Supreme Court, Suffolk County, to promptly conduct a hearing pursuant to CPL 30.30(8), and the writ is otherwise dismissed.
Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within "ninety days from the commencement of his or her commitment" (CPL 30.30[2][a]; see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120, 125). "[P]eriods of delay occasioned by exceptional circumstances," are excludable from the 90-day calculation, including "because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period" (CPL 30.30[4][g][i]; see People v Robinson, 47 AD3d 847, 848; People v Williams, 244 AD2d 587, 587-588). "It is the People alone who have the burden of proof of showing that they exercised due diligence" based upon "credible, vigorous activity in pursuing" the missing evidence (People v Clarke, 28 NY3d 48, 52-53 [internal quotation marks omitted]; see People v Russo, 78 AD2d 557, 557). When reviewing an application for release pursuant to CPL 30.30(2)(a), "[i]f, upon oral argument, a time period is in dispute, the court must promptly conduct a hearing in which the people must prove that the time period is excludable" (id. § 30.30[8]).
Here, there were factual disputes as to how much time the People needed in order to obtain testing of certain evidence by the Office of the Suffolk County Medical Examiner's crime laboratory and the prosecutor's due diligence in pursuing that testing, including how many times or on what dates the prosecutor communicated with the laboratory between October 20, 2022 and January 23, 2023, the date on which the People received the laboratory's report (see generally People v Luperon, 85 NY2d 71, 79; People v Cantoni, 140 AD3d 782, 786; People v Wearen, 98 AD3d 535, 538). Indeed, a hearing is particularly warranted here, as there is no indication in the record that the prosecutor alleged that exceptional circumstances existed until after Shanti Felton made his [*2]application to be released pursuant to CPL 30.30(2)(a). Although making a contemporaneous record of the exceptional circumstance when the case is adjourned is "not required, the statute's text contemplates that the prosecutor will seek a continuance from the court where the circumstances make it impossible to proceed. The Legislature thus envisioned an approach by which the prosecutor could secure a prior judicial ruling as to exceptional circumstances rather than ask a court to apply the exclusion after the fact. This would ensure that the defendant is kept abreast of the status of his [or her] case and the charges pending against him [or her]" (People v Price, 14 NY3d 61, 64).
Accordingly, the Supreme Court erred in denying the application to be released pursuant to CPL 30.30(2)(a) without conducting a hearing pursuant to CPL 30.30(8), and we therefore sustain the writ to the extent of remitting the matter to the Supreme Court, Suffolk County, for a hearing in accordance herewith and a new determination thereafter.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court