People ex rel. Fast v Molina (2023 NY Slip Op 04641)

People ex rel. Fast v Molina

2023 NY Slip Op 04641

Decided on September 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-07916

[*1]The People of the State of New York, ex rel. Elena Fast, on behalf of Tracey Celestine, petitioner, 
v
Louis A. Molina, etc., respondent.

The Fast Law Firm, P.C., New York, NY (Elena Fast pro se of counsel), for petitioner.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Tracey Celestine upon his own recognizance or to set reasonable bail pursuant to CPL 30.30(2)(a) upon Kings County Indictment No. 72776/2023.
ADJUDGED that the writ is sustained, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to set reasonable bail or to release Tracey Celestine on his own recognizance, and to fix such other terms and conditions upon the release of Tracey Celestine as may seem to it to be just and proper.
"Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment'" (People ex rel. Hereth v Franchi, 214 AD3d 932, 933, quoting CPL 30.30[2][a]). "When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798 [citation omitted]; see People ex rel. Ferro v Brann, 197 AD3d 787, 787). The People also bear the burden of "ensur[ing], in the first instance, that the record of the proceedings is sufficiently clear to enable the court considering the CPL 30.30 motion to make an informed decision as to whether the People should be charged with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798 [alterations and internal quotation marks omitted]). "After the People identify the exclusions on which they intend to rely[,] the defense must identify any legal or factual impediments to the use of these exclusions" (People v Henderson, 120 AD3d 1258, 1258 [alterations and internal quotation marks omitted], affd 28 NY3d 63).
Here, the petitioner demonstrated that more than 90 days elapsed from the commencement of the defendant's confinement on April 27, 2023, until July 31, 2023, the date the petitioner made an application to the Supreme Court pursuant to CPL 30.30(2)(a) for the defendant's release. The Supreme Court nonetheless denied the petitioner's application, concluding that the [*2]People were entitled to exclude an unspecified period of time attributable to a delay in satisfying their obligation to produce relevant portions of the grand jury minutes. The People asserted that this delay in complying with their obligation pursuant to CPL 245.20(1)(b) was caused by a backlog on the part of a court reporter in producing the minutes. The Supreme Court incorrectly determined that the circumstances surrounding the People's production of the minutes constituted excludable delay, whether based on exceptional circumstances or some other ground set forth in CPL 30.30(4). Among other reasons, the People failed to demonstrate that the timing of the production of the minutes was beyond their control, or that they engaged in diligent efforts to produce the outstanding discovery by their trial readiness deadline (cf. People v Leonard, 218 AD3d 608, 609; People v Burwell, 260 AD2d 498, 499; People v Hall, 61 AD2d 1050, 1051). Accordingly, since more than 90 days of delay in bringing the defendant to trial on Kings County Indictment No. 72776/2023 are chargeable to the People, CPL 30.30(2)(a) requires that he be released on bail which he is capable of meeting, or upon his own recognizance, and upon such other conditions as may seem just and proper (see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120; People ex rel. Nieves v Molina, 207 AD3d at 798; People ex rel. Ferro v Brann, 197 AD3d at 787-788).
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court