People ex rel. Lazzaro v Molina (2023 NY Slip Op 05962)

People ex rel. Lazzaro v Molina

2023 NY Slip Op 05962

Decided on November 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-10210

[*1]The People of the State of New York, ex rel. Lance Lazzaro, on behalf of Joseph Fernandez, petitioner, 
v
Louis Molina, etc., respondent.

Lazzaro Law Firm, P.C., Brooklyn, NY (Lance Lazzaro pro se of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Corey Reisman, and Kieran Linehan of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Joseph Fernandez upon his own recognizance or to set reasonable bail pursuant to CPL 30.30(2)(a) upon Queens County Indictment Nos. 72024/2023 and 72489/2023.
ADJUDGED that the writ is sustained, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to set reasonable bail or to release Joseph Fernandez on his own recognizance, and to fix such other terms and conditions upon the release of Joseph Fernandez as may seem to it to be just and proper.
"Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment'" (People ex rel. Hereth v Franchi, 214 AD3d 932, 933, quoting CPL 30.30[2][a]). "When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798 [citation omitted]; see People ex rel. Ferro v Brann, 197 AD3d 787, 787). The People also bear the burden of "ensur[ing], in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798 [internal quotation marks omitted]). "After the People identify the exclusions on which they intend to rely[,] . . . the defense must identify any legal or factual impediments to the use of these exclusions" (People v Henderson, 120 AD3d 1258, 1258 [internal quotation marks omitted], affd 28 NY3d 63).
Here, in an oral application to the Supreme Court pursuant to CPL 30.30(2)(a) made on October 17, 2023, the petitioner demonstrated that more than 90 days had elapsed from the commencement of the defendant's confinement to the date of the application. Although the People had filed a statement of readiness and certificate of compliance within the speedy trial time limit, the [*2]statement of readiness was insufficient to stop the running of the speedy trial clock under the circumstances of this particular case, as, contrary to their contention, the People failed to demonstrate that the outstanding discovery, the grand jury minutes, constituted exceptional circumstances under CPL 30.30(4)(g). On this record, "the People failed to demonstrate that the timing of the production of the minutes was beyond their control, or that they engaged in diligent efforts to produce the outstanding discovery by their trial readiness deadline" (People ex rel. Fast v Molina, 219 AD3d 1384, 1385-1386). Accordingly, since more than 90 days of delay in bringing the defendant to trial on the indictments are chargeable to the People, CPL 30.30(2)(a) requires that he be released on bail which he is capable of meeting, or upon his own recognizance, and upon such other conditions as may seem just and proper (see People ex rel. Fast v Molina, 219 AD3d at 1386).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court