People v Johnson (2024 NY Slip Op 50494(U))

[*1]

People v Johnson

2024 NY Slip Op 50494(U)

Decided on April 29, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

April 29, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Johnson, Defendant.

Docket No. CR-007988-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Sumayyah Siddiqui)
For Johnson: The Legal Aid Society (by Elina Escarda)

Wanda L. Licitra, J.

This case involves a preliminary breath test. Under C.P.L. § 245.20[1][s], the prosecution must disclose calibration reports that are created "for the period of six months prior and six month after such test was conducted." The prosecution filed their certificate of compliance on May 26, 2023, and some records falling within C.P.L. § 245.20[1][s] were created on September 12, 2023. Though the statute directs them to disclose these records within "fifteen days following receipt," (id.), the prosecution disclosed these records very belatedly, on April 16, 2024. In a C.P.L. § 30.30 motion, the defense now argues that the prosecution's statements of readiness were therefore illusory "after September 27, 2023, the date on which by statute they were required to have turned over the PBT records to the defense." The court disagrees, and the motion is denied.
This is how certificates of discovery compliance are supposed to work. "When the prosecution has provided [automatic] discovery . . . it shall serve upon the defendant and file with the court a certificate of compliance." (C.P.L. § 245.50[1]). That certificate "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." (Id.). If a prosecutor files this certificate even though they have not, "in fact," exercised due diligence and made reasonable inquiries to ascertain the existence of discoverable material, then their certificate is illusory. (E.g., People v. Bay, 2023 NY Slip Op. 06407, at *7 [Dec. 14, 2023]). Similarly, if they file this certificate even though they know that they have not, in fact, disclosed all known material and information subject to discovery, then their certificate is also illusory. (E.g., People v. Marte, 82 Misc 3d 528, 531-33 [Crim. Ct., Queens County 2023] [collecting cases]).
After filing a proper initial certificate of compliance, there are circumstances under which the prosecution may "subsequently learn[] of additional material" that is discoverable. (C.P.L. § 245.60). In those circumstances, the prosecution must "expeditiously" notify the defense, disclose the additional material, (id.), and file a "supplemental certificate," (C.P.L. § 245.50[1]). If a prosecutor initially certified compliance properly, then supplemental certificates [*2]"shall not impact the validity of the original certificate." (C.P.L. § 245.50[1-a]). In such a situation, the prosecution in fact exercised due diligence to ascertain the existence of discoverable material before filing their initial certificate and in fact disclosed all known material at the time. (See id.). In other situations, however, a supplemental certificate of compliance can be evidence that the prosecutor did not properly file their initial one. (See id.).
This court has frequently encountered prosecutors who abuse these certificates. (E.g., People v. Dennis, CR-019814-23QN [Crim. Ct., Queens County Apr. 8, 2024] [prosecutor certified they disclosed all known discovery despite knowing that body-worn camera footage and activity logs existed but had not yet been disclosed]; People v. Henry, 203 N.Y.S.3d 913 [Crim. Ct., Queens County 2024] [prosecutor certified they disclosed all known discovery despite knowing that police memo books existed but had not yet been disclosed]; People v. Luke, 80 Misc 3d 1228[A] [Crim. Ct., Queens County 2023] [prosecutor certified they disclosed all known discovery despite knowing that body-worn camera footage existed but had not yet been disclosed]; People v. Luna, 80 Misc 3d 1217[A] [Crim. Ct., Queens County 2023] [prosecutor certified they disclosed all known discovery despite knowing that police photos existed but had not yet been disclosed]; People v. Rafoel, 77 Misc 3d 1231[A] [Crim. Ct. Queens County 2023] [prosecutor certified they had disclosed all known discovery despite knowing that "some" police items existed but had not yet been disclosed]; People v. Toussaint, 78 Misc 3d 504 [Crim. Ct., Queens County 2023] [prosecutor certified they disclosed all known discovery despite knowing that police memo books existed but had not yet been disclosed]).
In each of those cases, a prosecutor knew that some discovery was outstanding but nonetheless filed a false initial certificate claiming that they had disclosed "all existing known" discovery. They likely did so to ostensibly toll the speedy-trial clock. (See C.P.L. § 30.30). Then, after the speedy-trial period would have otherwise expired, they filed "supplemental" certificates alongside the discovery they knew was missing all along. This is not how the certificates are supposed to work. When a prosecutor files a certificate claiming that they disclosed all known existing discovery, they must in good faith believe that they actually disclosed all known existing discovery. Supplemental certificates are for discovery that the prosecutor "subsequently learns of," not for discovery that they already knew about.
This case, however, is not an example of that insidious pattern. Here, the prosecutor filed an initial certificate of compliance alongside automatic discovery. At the time, calibration reports for the preliminary breath test device created six months after the arrest did not yet exist. Then, after those reports were made, the prosecution disclosed them (albeit extremely belatedly).
While the prosecution did not abide by the discovery deadline for the calibration reports created later, that is not, by itself, a problem for their readiness. Before the prosecution may state ready, they must file "a proper certificate of compliance." (C.P.L. § 245.50[3] [emphasis added]; see also C.P.L. § 30.30[5] ["Any statement of trial readiness must be accompanied or preceded by a certificate of good faith compliance with the disclosure requirements."] [emphasis added]). The plain terms of the statute therefore connect the prosecutor's readiness to the initial certificate of compliance, not to any supplemental ones. After an initial valid statement of readiness, the prosecution is only charged with the delay that is "attributable to their inaction and directly [*3]implicates their ability to proceed to trial." (E.g., People v. Labate, 2024 NY Slip Op. 01582, at *4 [Mar. 21, 2014] [internal quotation marks omitted]). The case does not revert to a pre-readiness posture any time that new discovery comes into existence. This structure reflects the longstanding pre- and post-readiness analysis under C.P.L. § 30.30. (See generally People v. Jawad, 79 Misc 3d 1210[A] [Crim. Ct., Queens County 2023]). 
To be sure, supplemental discovery disclosures may sometimes implicate the prosecution's ability to proceed to trial. For instance, this would be true where the prosecutors admit they cannot proceed without some discovery, (e.g., People v. Sibblies, 22 NY3d 1174 [2014]), or where they violate court deadlines to produce it, (see, e.g., People ex rel. Ferro v. Brann, 197 AD3d 787, 788 [2d Dep't 2021]). In these situations, supplemental discovery delays may alone cause post-readiness delay, irrespective of the initial certificate and statement of readiness. But as a default matter, nothing in the discovery or speedy-trial statutes ties supplemental disclosures themselves to readiness. Rather, it is the initial certificate that is a legal prerequisite for accompanying or subsequent statements of readiness. Of course, violations of the discovery timelines—like those, relevant here, found in C.P.L. § 245.20[1][s]—are grounds for sanctions, (C.P.L. § 245.80), should the defense show prejudice.
Accordingly, the court here does not find that the prosecution filed an improper certificate of compliance, and it does not find their statements of readiness were illusory. The motion to dismiss is therefore denied.
The foregoing constitutes the decision and order of the court.
Queens, NY
Dated: April 29, 2024
Wanda L. Licitra, J.C.C.