People ex rel. Barta v Maginley-Liddie (2024 NY Slip Op 02492)

People ex rel. Barta v Maginley-Liddie

2024 NY Slip Op 02492

Decided on May 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2024-02972

[*1]The People of the State of New York, ex rel. Peter A. Barta, etc., on behalf of Carlos Sebastian-Gaspar, petitioner, 
v
Lynelle Maginley-Liddie, etc., et al., respondents.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Jonathan E. Maseng, and Kasey Esposito of counsel), for respondents.
Queens Defenders, Forest Hills, NY (Peter A. Barta pro se of counsel), for petitioner.

Writ of habeas corpus in the nature of an application to release Carlos Sebastian-Gaspar upon his own recognizance or to set reasonable bail pursuant to CPL 30.30(2)(a) upon Queens County Indictment No. 70542/2023, and application for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the writ is dismissed, without costs or disbursements.
"Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment'" (People ex rel. Hereth v Franchi, 214 AD3d 932, 933, quoting CPL 30.30[2][a]). "When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798 [citation omitted]; see People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333, 348-349; People ex rel. Ferro v Brann, 197 AD3d 787, 787). The People also bear the burden of "ensur[ing], in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798 [internal quotation marks omitted]; see People v Cortes, 80 NY2d 201, 215-216). "After the People identify the exclusions on which they intend to rely[,] . . . the defense must identify any legal or factual impediments to the use of these exclusions" (People v Henderson, 120 AD3d 1258, 1258 [internal quotation marks omitted], affd 28 NY3d 63).
Despite the petitioner's contention to the contrary, the Supreme Court correctly determined that the People's filing of a certificate of compliance and statement of readiness on [*2]February 28, 2023, was valid and not illusory under the circumstances and, therefore, was sufficient to stop the speedy trial clock as of that date (see CPL 245.10[1][a][i]; 245.20[1][b]; People v Geer, 224 AD3d 1353, 1354; cf. People ex rel. Lazzaro v Molina, 221 AD3d 849, 851). The court also correctly charged the People with only 27 days of delay for the period between December 19, 2023, and March 12, 2024, in responding to the defendant's pretrial omnibus motion (see CPL 30.30[4][g]; People ex rel. Nieves v Alaginley-Liddie, 223 AD3d 859, 860). Therefore, the People, who were chargeable with an additional 25 days for the period following the defendant's arraignment on February 2, 2023, from February 3, 2023, to February 28, 2023 (see People v Stiles, 70 NY2d 765), are not chargeable with more than 90 days of delay in bringing the defendant to trial on Queens County Indictment No. 70542/2023 (see CPL 30.30[2][a]).
Accordingly, the petitioner failed to demonstrate entitlement to relief pursuant to CPL 30.30(2)(a).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court