People ex rel. Timourian v Imperati (2024 NY Slip Op 02511)

People ex rel. Timourian v Imperati

2024 NY Slip Op 02511

Decided on May 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2024-03063

[*1]The People of the State of New York, ex rel. Mara Timourian, etc., on behalf of Rakim Paulin, petitioner, 
v
Kirk Imperati, etc., respondent.

Ulster County Public Defender, Poughkeepsie, NY (Mara Timourian pro se of counsel), for petitioner.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna Katharina Diehn of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Rakim Paulin upon his own recognizance or to set reasonable bail pursuant to CPL 30.30(2)(a) upon Dutchess County Indictment No. 78(1)/2023.
ADJUDGED that the writ is sustained, without costs or disbursements, and the matter is remitted to the County Court, Dutchess County, to set reasonable bail or to release Rakim Paulin on his own recognizance, and to fix such other terms and conditions upon the release of Rakim Paulin as may seem to it to be just and proper.
"Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment'" (People ex rel. Hereth v Franchi, 214 AD3d 932, 933, quoting CPL 30.30[2][a]; see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120, 125). "When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798 [citation omitted]; see People ex rel. Lazzaro v Molina, 221 AD3d 849, 850; People ex rel. Ferro v Brann, 197 AD3d 787, 787). The People also bear the burden of "ensur[ing], in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798 [internal quotation marks omitted]; see People ex rel. Lazzaro v Molina, 221 AD3d at 850).
"After the People identify the exclusions on which they intend to rely[,] . . . the defense must identify any legal or factual impediments to the use of these exclusions" (People v Henderson, 120 AD3d 1258, 1258, affd 28 NY3d 63 [internal quotation marks omitted]; see People ex rel. Fast v Molina, 219 AD3d 1384, 1385). "When reviewing an application for release pursuant to CPL 30.30(2)(a), '[i]f, upon oral argument, a time period is in dispute, the court must promptly [*2]conduct a hearing in which the people must prove that the time period is excludable'" (People ex rel. Hereth v Franchi, 214 AD3d at 933, quoting CPL 30.30[8]; see People v Brown, 28 NY3d 392, 408-409; People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197, 201-202).
Here, Rakim Paulin met his initial burden of establishing that there was an inexcusable delay of more than 90 days after his commitment (see CPL 30.30[2][a]). In opposition, the People failed to set forth any exclusions on which they intended to rely. Accordingly, the burden never shifted back to Rakim Paulin to identify any legal or factual impediments to the use of any exclusions. Contrary to the People's contention, a hearing pursuant to CPL 30.30(8) was not warranted under the circumstances. Accordingly, CPL 30.30(2)(a) requires that Rakim Paulin be released on bail which he is capable of meeting, or upon his own recognizance, and upon such other conditions as may seem just and proper (see People ex rel. Lazzaro v Molina, 221 AD3d at 851; People ex rel. Nieves v Molina, 207 AD3d at 798).
In light of our determination, we need not reach the petitioner's remaining contention.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court