People v Pacheco (2024 NY Slip Op 50636(U))

[*1]

People v Pacheco

2024 NY Slip Op 50636(U)

Decided on May 28, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 28, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Pacheco, Defendant.

Docket No. CR-028353-22QN

For the People: Melinda Katz, District Attorney of Queens County (by Christopher Ciccolini)
For Mr. Pacheco: Queens Defenders (by Kelsey Halloran)

Wanda L. Licitra, J.

Before validly stating ready for trial, the prosecution must certify they have exercised "due diligence" and made "reasonable inquiries" to ascertain the existence of discoverable material. (C.P.L. § 245.50[1]). Where, as here, a C.P.L. § 30.30 motion calls that certificate into question, the prosecution "bear[s] the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing" the certificate. (People v. Bay, 41 NY3d 200, 213 [2023]). To meet that burden, the prosecution must provide the "necessary factual basis" on which a court could find "due diligence." (People v. McKinney, 71 Misc 3d 1221[A], at *7 [Crim. Ct., Kings County 2021]; see also People v. Critten, 77 Misc 3d 1219[A], at *3 [Crim. Ct., NY County 2022] [assessing "due diligence requires the People to show how due diligence was exercised"]). "If the prosecution fails to make such a showing, the [certificate] should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed." (Bay, 41 NY3d at 213).
The prosecution commenced this case on November 13, 2022. Eighty-eight days later (well beyond the thirty-five-day deadline for discovery, see C.P.L. § 245.10), the prosecution filed a certificate of automatic discovery compliance and stated ready for trial. On this document, the prosecutors claimed to certify they had complied with their automatic discovery obligations. Specifically, they certified that they had exercised "due diligence" to ascertain the existence of discoverable material, and that "after" doing so, they had "disclosed and made available all existing known material and information subject to discovery." On June 2, 2023—over 200 days after commencing this case—the prosecutors shared additional discovery that they had not initially disclosed. This included impeachment information for their testifying officers and records regarding gas chromatography simulator solutions.
The prosecution fails to meet their "burden" of "establishing that they did, in fact, exercise due diligence" to ascertain the existence of discoverable material "prior to filing" their "initial" certificate. (See Bay, 41 NY3d at 213). In fact, the prosecution provides no record of any efforts they took prior to filing their certificate. Instead, they simply assert—as a conclusion—that they "exercised good faith and due diligence," and then articulate efforts beginning in March of 2023, over one month after filing their initial certificate. 
Indeed, the prosecution appears to concede that they, in fact, made no efforts prior to their certificate to ascertain the existence of the discovery in question.
First, they made no efforts regarding various simulator solution records. This was because they apparently declared some simulator solution lots to be non-discoverable as, in their view, "[t]his case utilized Lot 22260." (Def. Mot. Ex. D at 1 [emails]). But the missing lots were used on August 8, 2022, to test the Intoxilyzer machine used in this case. The automatic discovery statute explicitly requires the prosecution to disclose:
[A]ll records of calibration, certification, inspection, repair or maintenance of machines and instruments utilized to perform any scientific tests and experiments, including but not limited to any test of a person's breath, blood, urine or saliva, for the period of six months prior and six months after such test was conducted, including the records of gas chromatography related to the certification of all reference standards.
(C.P.L. § 245.20[1][s] [emphasis added]). "The 'reference standard' is 'commonly known' as a 'simulator solution.'" (People v. Quiroz, 77 Misc 3d 1213[A], at *2 [Crim. Ct., Queens County 2022] [quoting Gerstenzang & Sills, Handling the DWI Case in New York § 29:11 [2022]]). Thus, a basic reading of the statute would alert any prosecutor that they must disclose simulator-solution records from a window beginning six months "prior" to the test in this case, which was on November 12, 2022. That window includes tests from August 8, 2022, which was three months before November 12, 2022. The prosecution's claim otherwise has no basis in the discovery statute.
Second, the prosecutors here made no effort to ascertain and disclose underlying impeachment information for their testifying officers in the possession of the NYPD. The first effort they describe to discharge this obligation was in March of 2023, over one month after they had filed their initial certificate. As this court and others have repeatedly held, C.P.L. § 245.20[1][k][iv] requires the prosecutors to ascertain the existence of and disclose "[a]ll evidence and information, including that which is known to police . . . that tends to . . . impeach the credibility of a testifying prosecution witness," including records of police witnesses' prior misconduct allegations.[FN1]
Before filing their certificate, the prosecutors here only did so regarding [*2]misconduct records in their actual possession, but they made no efforts regarding those in their constructive possession, as required by the statute, (see C.P.L. § 245.20[2]; see also People v. Hamizane, 80 Misc 3d 7, 10-11 [App. Term, 2d Dep't 2023]; People v. Figueroa, 78 Misc 3d 1203[A] [Crim. Ct., Queens County 2023] [explaining this in detail]). As such, they did not, in fact, exercise due diligence to ascertain the existence of discoverable information prior to certifying compliance. (See also People v. Luna, 2024 NY Slip Op. 24146, at *1 [App. Term, 2d Dep't Apr. 11, 2024] ["[T]he People provided no explanation as to why they made no inquiries or requests to the SCPD [for IAB reports] until March 31, 2021 [and they] also failed to explain how, as stated in their COC, they had 'disclosed and made available to the defendant(s) all known material and information that is subject to discovery,' as they did not receive the requested reports from the SCPD until [after they filed the COC]."]).
Telling of their failures here, the prosecutors fundamentally misapprehend controlling law on how the discovery statute is supposed to work. For instance, they assert that "[m]issing discovery items are irrelevant in determining the validity of a Certificate of Compliance." (Pr. Resp. at 7). The Court of Appeals has held otherwise: a "missing disclosure" triggers the People's "burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial" certificate. (Bay, 41 NY3d at 213). They also believe that their automatic discovery obligation involves a post hoc back-and-forth with defense attorneys in response to "requests" for discovery. (See Pr. Resp. at 8). The Appellate Division has held otherwise: "The current statutory framework of CPL 245.10 abolishes the prior mechanism for obtaining discovery through serving a demand upon the People and instead requires the People to provide the discovery listed in CPL 245.20 automatically." (People ex rel. Ferro v. Brann, 197 AD3d 787, 787-88 [2d Dep't 2021] [internal quotation marks omitted]). "[D]iscovery demands are now defunct." (Id. [internal quotation marks omitted]). And they insist that where the defense cannot show "prejudice," a court must deny a C.P.L. § 30.30 motion. (Pr. Resp. at 12). Again, the Court of Appeals has held otherwise: "Contrary to the People's contentions, a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations . . . speedy trial dismissal pursuant to CPL 30.30 is not contingent on a finding of prejudice." (Bay, 41 NY3d at 214). Where, as here, prosecutors so fundamentally misconstrue the discovery statute, they raise a presumption that they failed to properly discharge their automatic obligations.
Because the prosecution's certificate of compliance was improper, their accompanying statement of readiness was illusory. The prosecution commenced this case on November 13, 2022, and they had ninety days to validly state ready for trial. (See C.P.L. § 30.30[1][b]). The prosecutor's statement of readiness on February 9, 2023, was not valid and did not toll the clock. It is now the prosecution's burden to prove that any time "should be excluded" and to provide the necessary evidence to substantiate their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; People v. Reinhardt, 193 AD2d 1122, 1122 [4th Dep't 1993]). Here, the prosecution does not claim even a single C.P.L. § 30.30[4] exclusion. Thus, the prosecution failed to validly state ready within ninety days, and the case must be dismissed. 
Any remaining issues are moot.
The foregoing constitutes the order and decision of the court.
Dated: May 28, 2024
Queens, NY
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:This has now been discussed by countless courts, so this decision will not reiterate the full analysis. A handful—and only a handful—of decisions are collected here so as not to clutter this opinion: People v. Hamizane, 80 Misc 3d 7 [App. Term, 2d Dep't 2023]; Matter of Jayson C., 200 AD3d 447, 448-49 [1st Dep't 2021]; People v. Rodriguez, 77 Misc 3d 23 [App. Term, 1st Dep't 2022]; People v. Juzwa, 81 Misc 3d 1221[A] [Crim. Ct., Queens County 2023] [Gonzalez, J.]; People v. Markovtsii, 81 Misc 3d 225 [Crim. Ct., Kings County 2023] [Hayes-Torres, J.]; People v. Eleazer, 78 Misc 3d 1222[A] [Crim. Ct., NY County 2023] [Maldonado-Cruz, J.]; People v. Payne, 79 Misc 3d 827 [Crim. Ct., Bronx County 2023] [Bowen, J.]; People v. Toussaint, 78 Misc 3d 504 [Crim. Ct., Queens County 2023] [Licitra, J.]; People v. Rugerio-Rivera, 77 Misc 3d 1230[A] [Crim. Ct., Queens County 2023] [Gershuny, J.]; People v. Goggins, 76 Misc 3d 898 [Crim. Ct., Bronx County 2022] [Morales, J.]; People v. Martinez, 75 Misc 3d 1212[A] [Crim. Ct., NY County 2022] [Rosenthal, J.]; People v. Edwards, 74 Misc 3d 433 [Crim. Ct., NY County 2021] [Weiner, J.]; People v. McKinney, 71 Misc 3d 1221[A] [Crim. Ct., Kings County 2021] [Kitsis, J.]; People v. Rodriguez, CR-002613-20BX [Crim. Ct., Bronx County May 20, 2021] [Johnson, J.]; People v. Cooper, 71 Misc 3d 559 [County Ct., Erie County 2021] [Eagen, J.].