People v Guzman (2024 NY Slip Op 51385(U))

[*1]

People v Guzman

2024 NY Slip Op 51385(U)

Decided on October 1, 2024

City Court Of Yonkers

Best, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 1, 2024
City Court of Yonkers

The People of the State of New York

against
Roberto Martinez Guzman, Defendant.

Docket No. CR-08144-23

Westchester County District Attorney 
Yonkers Branch
Paige N. Pirtle, Esq.
104 South Broadway
Yonkers, NY 10701
Joanna I. Karlitz, Esq.
707 Westchester Avenue
Suite 309
White Plains, NY 10601

Karen N. Best, J.

The following papers numbered 1 to 5 were read on defendant's motion to strike the Certificate of Compliance and dismiss the case based upon a violation of defendant's statutory right to a speedy trial.
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Affirmation / Affidavits in Opposition 2
Filed Papers 3-5
Factual Background
On August 18, 2023, the People filed a felony complaint charging defendant with one count of Robbery in the Third Degree in violation of PL §160.05. The felony complaint alleges, in substance, that on August 17, 2023, the defendant engaged in a verbal dispute with the victim in the presence of their one-year old daughter. In the course of this dispute, the defendant grabbed the victim's cell phone from her hand causing pain to her finger, threatened to take the daughter, yelled a profanity at the victim, and then left the residence with the victim's cell phone. The victim alleges that she fears for her safety and the safety of her daughter. On October 3, 2023, the People filed a Superseding Misdemeanor Information charging defendant with one count of Petit Larceny in violation of PL §155.25 and one count of Endangering the Welfare of a [*2]Child in violation of PL §260.10(1).
On December 14, 2023, the People filed a Certificate of Compliance and Statement of Readiness. On January 15, 2024, the People served and filed a Supplemental Certificate of Compliance. On that date, the People turned over 911 validations. On June 25, 2024, defendant filed the instant motion to strike the Certificate of Compliance and dismiss the case based upon a violation of defendant's statutory right to a speedy trial. The People filed opposition papers on July 31, 2024. Defendant did not file a reply. 
CPL §30.30
On a CPL §30.30 motion, "a defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v. Allard, 28 NY3d 41, 45 [2016]). The defense "meets their initial burden on the motion simply by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v. Goode, 87 NY2d 1045, 1047 [1996]). Once established, the People have the burden of showing their entitlement to a statutory exclusion (People v. Luperon, 85 NY2d 71, 81 [1995]).
Additionally, where, "a defendant bring[s] a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure (internal citations omitted). If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and — so long as the time chargeable to the People exceeds the applicable CPL 30.30 period — the case dismissed" (People v. Bay, 41 NY3d 200, 213 [2023]).
The process for calculating CPL §30.30 time is well settled. The time is calculated "by computing the time elapsed between the filing of the first accusatory instrument and People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute" (People v. Cortes, 80 NY2d 201, 208 [1992]). Thereafter, "any post readiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" are added (id). In this case, and as correctly asserted by the parties, the relevant readiness period for speedy trial calculation is ninety days from the filing of the Superseding Misdemeanor Information (see generally People v. Cooper, 98 NY2d 541 [2002]; CPL §30.30[7][c]). 
August 18, 2023 to August 21, 2023
On August 18, 2023, defendant was arraigned on the felony complaint and defense counsel requested a felony hearing. The matter was adjourned to August 21, 2023. It is undisputed that this period is charged to the People. 
Time charged: 3 days
August 21, 2023 to September 12, 2023
On August 21, 2023, defense counsel reiterated a request for a felony hearing and the matter was adjourned to September 12, 2023. It is undisputed that this period is charged to the People.
Time charged: 22 days
September 12, 2023 to September 26, 2023
On September 12, 2023, defense counsel again requested a felony hearing and the matter was adjourned to September 26, 2023. It is undisputed that this period is charged to the People. 
Time charged: 14 days
[*3]September 26, 2023 to October 3, 2023
On September 26, 2023, this case was once again adjourned to October 3, 2023 for a felony hearing. It is undisputed that this time is charged to the People.
Time charged: 7 days
October 3, 2023 to October 13, 2023
On October 3, 2023, the People superseded the felony complaint by filing a misdemeanor information. The matter was adjourned to October 13, 2023. It is undisputed that this time is charged to the People.
Time charged: 10 days
October 13, 2023 to November 2, 2023
On October 13, 2023, the matter was adjourned to November 2, 2023. It is undisputed that this time is charged to the People.
Time charged: 20 days
November 2, 2023 to December 14, 2023
On November 2, 2023, the matter was adjourned to December 14, 2023. In the opposition papers, the People contend that defense counsel sent an email requesting an extension of an adjournment from December 7, 2023 to December 14, 2023. Notably, no email demonstrating this defense request is attached to the opposition papers. This entire period is charged to the People.[FN1]

Time charged: 42 days
December 14, 2023 to January 10, 2024
On December 14, 2023, the People filed a Certificate of Compliance/Statement of Readiness and the matter was adjourned to January 10, 2024. The Discovery Disclosure Index attached to the People's Certificate of Compliance indicates that "911 calls" were "requested" from the Yonkers Police Department.
It is defendant's contention that the Certificate of Compliance is illusory based upon the People's failure to comply with their discovery obligations under CPL §245.20. More specifically, the defendant argues that the People failed to produce a 911 recording of a telephone call made by the victim's mother to the Yonkers Police Department and an email purportedly sent by the victim to her mother shortly after the incident.
In opposition, the People argue that their efforts to produce the 911 recording were reasonable and that the Certificate of Compliance was filed after the exercise of due diligence and good faith. In support of this position, the People have attached to their opposition papers several exhibits which purport to show 3-4 discovery requests transmitted to the Yonkers Police Department requesting, among other things, the 911 recording.[FN2]

Noticeably absent from the opposition papers is any explanation regarding the outcome of the four discovery requests transmitted to the Yonkers Police Department. On this point, the opposition papers are devoid of any indication that the People had even a single verbal conversation with a member of the Yonkers Police Department regarding disclosure of the 911 recording. Additionally, the People never requested an extension of time to comply with their discovery obligation (CPL §245.70), never argued "special circumstances" or that the 911 call could not be timely disclosed because it was "lost, destroyed, or otherwise unavailable" (CPL §245.50[3]), and never demonstrated "good cause" for disclosure of the 911 recording subsequent to the filing of the Certificate of Compliance (CPL §245.20[5]). Significantly, the 911 recording — a discovery item routinely produced in countless criminal prosecutions - was not turned over until approximately five months after the defendant was arraigned on the felony complaint and 104 days after the filing of the superseding misdemeanor information.
The Certificate of Compliance certifies that " . . . the People have disclosed and made available to defendant all known material and information subject to discovery, which material and information is identified and/or attached in the accompanying Disclosure Index and Discovery Addendum." The 911 recording was undoubtedly known to exist prior to the filing of the Certificate of Compliance. As previously indicated, the Discovery Disclosure Index Addendum specifically references a 911 recording and indicates that same was "requested." Yet, the People filed the Certificate of Compliance and announced readiness notwithstanding the absence of a 911 recording disclosure. Simply stated, the People's act of filing a Certificate of Compliance when the 911 recording was known to exist and not turned over to the defendant is in contravention of the discovery statute (see generally People ex rel Ferro v. Brann, 197 AD3d 787 [2nd Dept. 2021]; People v. Henry, 82 Misc 3d 828 [Crim Ct, Queens County 2024]).
In the absence of additional facts, the Court finds that the People have failed to demonstrate that the efforts to obtain the 911 recording were reasonable or pursued with due diligence (see generally People v. Bay, 41 NY3d 200 [2023]). It is this Court's opinion that merely requesting the 911 recording, via emails to the Yonkers Police Department, without more, falls short of the People's discovery obligation under CPL §245.20 (see People ex rel Ferro v. Brann, 197 AD3d 787 [2nd Dept. 2021] [certificate of compliance is not complete until all of the material and information identified in the certificate as subject to discovery is actually produced to the defendant]; see generally People v. Luciano, 83 Misc 3d 1273[A] [Yonkers City Ct 2024]; People v. Vargas, 76 Misc 3d 646 [Crim Ct, Bronx County 2022]).
Accordingly, the Court finds that the Certificate of Compliance filed on December 14, 2023 is illusory. The period between December 14, 2023 and January 10, 2024 is not excluded. 
Time charged: 27 days
January 10, 2024 to January 16, 2024
On January 10, 2024 the matter was adjourned.
Time charged: 6 days
January 16, 2024 to February 13, 2024
On January 15, 2024, the People filed a Supplemental Certificate of Compliance and the subject 911 recording was turned over to defendant. The matter was adjourned to February 13, 2024 for jury pre-trial. 
Although not argued in the papers, upon a review of the Supplemental Certificate of Compliance filed on January 15, 2024 the Court notes that the information contained therein falls short of supplying the requisite detail for the delayed disclosure of the 911 recordings (CPL [*4]§245.50[1-a]; see e.g. People v. Hoskins, 81 Misc 3d 1244[A] [Monroe County Ct 2024] [supplemental certificate of compliance fails to provide a detailed explanation for the late disclosure of body worn camera footage]; People v. Vallejo, 82 Misc 3d 582 [Crim Ct Bronx County 2023] [supplemental certificate of compliance fails to detail the basis for delayed disclosure]). The Supplemental Disclosure Index simply states that the 911 recording was "requested prior to certificate of compliance being filed." This statement, standing alone, does not provide any detail which tends to explain the delay in disclosing the 911 recording.
Upon a review of the above periods of delay, the Court finds that the Supplemental Certificate of Compliance was filed in excess of the ninety-day period prescribed by law. Accordingly, defendant's motion to strike the Certificate of Compliance as illusory and to dismiss the action based upon a violation of defendant's statutory right to a speedy trial is granted.[FN3]

Footnotes

Footnote 1:Assuming the People substantiated this claim with documentary proof, the exclusion of seven days from the CPL §30.30 calculation (see generally People v. Barden, 27 NY3d 550 [2016]) would not alter the outcome of this decision.

Footnote 2:The first request was emailed on August 18, 2023; the second request was emailed September 11, 2023; the third request was emailed September 26, 2023; the fourth request was emailed on December 14, 2023 at 8:36 a.m., just under one hour before the certificate of compliance was filed with the Court.

Footnote 3:The Court has considered defendant's argument with respect to the alleged email and finds no evidence to suggest that this item was in the possession, custody or control of the People. Further, the People represent that the alleged victim was contacted and requested to send to the district attorney's office "any emails she sent in relation to getting help." The People represent that no emails were ever received by their office from the victim. The Court finds this satisfies CPL §245.20(2). As such, the email was not subject to mandatory discovery under CPL §245.20.